Patricia O'BRIEN

v.

**AMTRAK and New Jersey Transit Authority.**

**Civ. A. No. 94–CV–6076.**

United States District Court, E.D. Pennsylvania.

Sept. 12, 1995.

James J. McEldrew and Vincent F. Presto, Smith, McEldrew & Levenberg, Philadelphia, PA, for plaintiff.

Andrew J. Connolly, Post & Schell, P.C., Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Today we resolve a series of motions filed by both Plaintiff, Patricia O'Brien, and Defendants, Amtrak and the New Jersey Transit Authority. Plaintiff's lawsuit alleges that unhealthy conditions at her workplace, the Amtrak Ticket Office within the Trenton Train Station, caused her serious medical problems. Some of these unhealthy conditions included rodent infestation, pesticide spraying during working hours, poor ventilation and air quality and general filth and uncleanliness.

Defendants' Motion asks this Court to reconsider our July 24, 1995 Order denying Defendants' request for leave to file a dispositive motion outside the time frame established in this Court's Scheduling Order, as amended. Plaintiff's three Motions request this Court to (1) compel certain discovery of Defendants, (2) grant Plaintiff leave to take certain other discovery, and (3) sanction Defendants for their counsel's actions at depositions. We shall address each motion in turn.

1. *Defendants' Motion for Reconsideration or Alternative Motion to Preclude Plaintiff's Expert Reports as Untimely*

Defendants asked this Court to grant them leave to file a dispositive motion outside the

time established by the Scheduling Orders in place in this action. The Scheduling Orders tie the date dispositive motions are due to the date discovery is scheduled to be completed. Defendants' request observed that the case had been placed in the arbitration program and that a subsequent trial was not likely to occur for sixty days after the arbitration. Because of that, they requested that they be permitted to file a dispositive motion not more than sixty days after arbitration. Defendants presented no argument or evidence on the issue of why the Scheduling Order should be amended, and why their dispositive motion should be filed so far in the future. This Court denied the request on July 24, 1995.

Defendants now seek a reconsideration of that Order. In the Motion, Defendants argue that because of numerous discovery delays and because the case is now in arbitration, they reasonably believed that the Scheduling Orders in place no longer had effect. Because of this, they assert, they requested a date certain for filing their dispositive motion. Defendants also reason that because this Court denied their motion, that we should therefore strike Plaintiff's expert reports as untimely.

 The purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence," not to re-argue the issue. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). We do not find that Defendants have demonstrated that there was an error of law or fact that would support reconsideration of the July 24, 1995 Order. Defendants have not presented any newly discovered evidence. If Defendants' motion would, indeed, dispose of this action, they have not explained to this Court why they wish to delay such a resolution until two months after an arbitration. Accordingly, we deny Defendants' Motion to Reconsider. In addition, for the reasons given below, we deny Defendants' alternate Motion to Strike Plaintiff's expert reports as untimely.

### 2. Plaintiff's Motion to Compel

Plaintiff has requested a certain report that relates to renovation that was done at the Amtrak Ticket Office. Plaintiff asserts that other discovery reveals that this report indicates that the Amtrak Ticket Office had an old and poorly maintained ventilation system, contained dead rodents and other undisclosed items, and contained asbestos. Because of the nature of the claims in this case, Plaintiff asserts that this report is relevant and discoverable.

Defendants have not released this report. They agree that the report may contain information that can lead to relevant information, but argue that "the report contains information which could be considered embarrassing to New Jersey Transit Authority because many aspects of the station were found to be in poor condition and in need of repair. Such conditions could, if divulged through this lawsuit, negatively impact ridership." They also assert that the report is confidential and that even other workers at the Trenton Rail Station do not have access to it. Because of these factors, Defendants argue, the harm they would suffer by producing the report outweighs the benefit to Plaintiff, and therefore the Motion to Compel should be denied. In the alternative, Defendants agree to release the report on the condition that it be kept confidential, and returned to them at the close of this litigation.

Defendants also argue that discovery of this report is unreasonably burdensome and unjustified due to its voluminous length. They rely heavily on their assertion that Plaintiff has not proven the cause of her medical problems, and therefore, there is no proof that the report has any information relevant to them. Defendants encourage this Court to weigh Plaintiff's discovery requests against the amount in controversy, which they estimate at less than $20,000. If we weigh Plaintiff's claim against the discovery sought, Defendants assert, we will find the requests to be burdensome and unjustified.

 We find that the report is discoverable under the liberal discovery provided for in the Federal Rules of Civil Procedure. Fed.R.Civ.P. 26(b)(1). We also find that Defendants have not demonstrated that they are entitled to a Protective Order under Rule

26(c). This Rule permits protective orders when justice so requires to protect a person from annoyance, embarrassment, oppression or undue burden or expense. Defendants have not presented any evidence to support their qualified assertion that the renovation report *could* be considered embarrassing and that its disclosure *could* negatively impact ridership. Nor have Defendants presented evidence to indicate that the cost of photocopying the report is so great that it is unjustified in comparison with their estimate of Plaintiff's claim.

For the above reasons, we grant Plaintiff's Motion to Compel this report, and order Defendants to do so within three days of the date of this Order's entry. Because Defendants have not produced any evidence or argument to support a confidentiality order governing the report, we do not make any special rulings to that effect.

*3. Plaintiff's Motion for Leave to Pursue Discovery and Produce Liability Expert Report*

Plaintiff seeks additional time to conduct discovery and to produce her liability expert's report. She seeks this time as a result of Defendants' alleged failure to timely participate in discovery. According to Plaintiff, Defendants refused to produce several witnesses for depositions except on the condition that Plaintiff first produce her expert medical report, which was not yet due. In addition, Defendants have refused to produce several documents that were only identified for the first time during depositions on the ground that those requests are untimely.

Because of these and other delays, Plaintiff asserts that the parties began to negotiate a stipulation to extend the discovery period. In the midst of negotiations, however, Defendants filed their motion for leave to file a dispositive motion sixty days after arbitration. As discussed above, this motion was denied. According to Plaintiff, Defendants now refuse to participate in discovery any further, arguing that this Court's denial of their motion means that the Scheduling Orders control, and that Plaintiff's discovery is untimely.

Plaintiff argues that this Court should permit her discovery because (1) any delays were caused by Defendants; (2) the discovery is necessary to prepare her liability expert's report; (3) there is no prejudice to Defendants because arbitration has not been scheduled yet. Plaintiff represents to this Court that she can deliver her liability expert's report within one week of the close of discovery.

Defendants deny that they caused any delays. Rather, they assert, Plaintiff has been on a fishing expedition and was aware of the identities of the witnesses she now seeks to depose long before the close of discovery. The delay, Defendants assert, is due to Plaintiff's failure to timely schedule depositions. Moreover, Defendants argue, they will be prejudiced by any continuing discovery because Plaintiff's requests are so broad.

It appears to this Court that Plaintiff is at least somewhat responsible for the delays by failing to schedule many of her depositions until late in the discovery period. However, it also appears to this Court that Defendants have contributed more to the delays in the discovery process. As noted above, Defendants have failed to produce admittedly discoverable material, and the letters attached to Plaintiff's motion indicate that Defendants unilaterally placed limits on the order in which discovery would proceed.

We find that the additional discovery Plaintiff requests is reasonable, and that the depositions and documents were requested within the discovery period. For this reason, we Grant Plaintiff's Motion for leave to pursue discovery and will revise the Scheduling Orders accordingly. We do not intend to let discovery continue indefinitely, however. Accordingly, we shall grant only a limited extension of the discovery period, and order production of the documents requested within three days of the date of this Order's entry.

*4. Plaintiff's Motion for Discovery Sanctions*

Plaintiff objects to Defendants' counsel's conduct during several depositions taken for this lawsuit. She objects to Defense Coun-

sel's numerous speaking objections, consultations with witnesses during recesses and while questions were pending, which allegedly resulted in changes in testimony, as well as improper instructions not to answer certain questions, interruptions of Plaintiff's questioning, Defense Counsel's practice of interjecting his own questions to the witnesses and other similar behavior. Plaintiff submits transcripts of the depositions at issue and argues that Defense Counsel's conduct makes the record unreliable.

Plaintiff seeks to re-depose these witnesses at Defendants' expense. The second depositions would ask what counsel and the witnesses discussed in breaks during the depositions as well as substantive areas involved in the case. Further, she seeks an admonition to Defense Counsel not to engage in similar conduct in the future, as well as monetary sanctions and her costs.

Defendants deny that they engaged in improper conduct. Rather, they assert that their counsel was simply doing his job by protecting the witnesses from improper questions, protecting privileged information, and ensuring that the record was accurate by clarifying answers when necessary. They deny that their counsel engaged in any coaching of the witnesses and assert that this motion is intended to harass them and is frivolous. Further, Defendants deny that *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa.1993), cited by Plaintiff, is binding on this Court. *Hall* established strict guidelines for attorney conduct during depositions. The guidelines are intended to ensure that a witness's words are placed on the record, not an attorney's. Defendants assert that "this Honorable Court has not issued an order indicating its willingness to adopt the position taken" in *Hall*. Finally, Defendants argue that their estimate of the amount in controversy is so small that it does not warrant re-taking these depositions.

First, we find that Defendants' counsel improperly objected to many questions and interposed many speaking objections that may have had the effect of affecting the witness's testimony. Our reading of the depositions indicates that Defendants' counsel spoke almost as much, if not more, than the

deponents did. As a result, it is difficult to determine whether the deponent's answers were his or her own, or Defense Counsel's. The following is a non-exhaustive list of examples of Defense Counsel's conduct that may have affected testimony. *See* Warambo Dep. at 70, 72–73, 87; Burke Dep. at 44–45, Stamper–Kato Dep. at 16, 18–20, 50–51, 62–63; Misiaszek Dep. at 14, 37, 52, 62.

Contrary to Defendants' assertion, this Court has indicated a willingness to utilize the *Hall* guidelines, and so orders it in this action. *Frazier v. SEPTA*, 161 F.R.D. 309 (E.D.Pa.1995) (Joyner, J.); *Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51 (E.D.Pa.1995) (Joyner, J.); *Johnson v. Wayne Manor Apts.*, 152 F.R.D. 56 (E.D.Pa. 1993) (Joyner, J.). In fact, defense counsel's own law firm, Post & Schell, represents a party in at least one case where we implemented *Hall*. *See Corrigan v. Methodist Hosp.*, 94–1478, Oct. 17, 1994 Order.

■ Further, as a result of Defense Counsel's conduct, we find it necessary to order second depositions of the deponents named in Plaintiff's Motion. The costs of those depositions will be borne by Defendants, because it is their counsel's conduct that necessitates them. Any discovery misconduct in the future will be grounds for monetary or other sanctions.

An appropriate Order follows.

## ORDER

AND NOW, this 12th day of September, 1995, upon consideration of Defendants' Motion for Reconsideration or in the Alternative, to Preclude Plaintiff's Expert Reports (document no. 22) and response thereto, the Motion is hereby DENIED.

Upon consideration of Plaintiff's Motion to Compel (document no. 18) and response thereto, the Motion is hereby GRANTED and Defendants are hereby ORDERED to produce the entire report relating to a renovation project occurring in December 1994/January 1995 within three days of this Order's entry.

Upon consideration of Plaintiff's Motion for leave to pursue discovery (document no.

19) and response thereto, the Motion is hereby GRANTED and Defendants are hereby ORDERED to produce the report relating to a renovation project occurring in December 1994/January 1995, the C.A.R. file relating to the renovation project, Alan Misiaszek's file related to his investigation into this matter and Ethel Kato's file related to her investigation into this matter within three days of this Order's entry. The depositions of Tony Strutynsky, the Thermaline representative(s), Linda Onder, Harry McCall, and employee(s) of North Jersey cleaning shall be taken within the discovery time provided in the Schedule set forth below.

Upon consideration of Plaintiff's Motion for Sanctions, the Motion is hereby GRANTED in PART and DENIED in PART. The Motion is hereby GRANTED in that henceforth, the guidelines of *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa.1993), shall apply to all depositions taken in this action. It is hereby ORDERED that Plaintiff shall be permitted to take second depositions of Achieng Warambo, Kathy Burke, Ethel Stamper–Kato and Alan Misiaszek within the discovery time provided for below and that costs for those depositions shall be borne by Defendants. In all other respects, the Motion is DENIED.

It hereby FURTHER ORDERED that the following discovery schedule shall apply:

1. All discovery will be served, noticed and completed by October 23, 1995.

2. All expert reports will be served by October 30, 1995.

3. All dispositive motions will be filed and served by November 6, 1995.