In re **STRATOSPHERE CORPORATION SECURITIES LITIGATION.**

**No. CV–S–96–708–PMP RLH.**

United States District Court,
D. Nevada.

Sept. 15, 1998.

Kevin P. Roddy, Milberg, Weiss, Bershad, Hynes & Lerach LLP, Los Angeles, CA, William S. Lerach, Spencer A. Burkholz, San Diego, CA, Jules Brody, Edward P. Dietrich, Stull, Stull & Brody, New York City, co-lead counsel, G. Mark Albright, Albright, Stoddard, Warnick & Albright, Las Vegas, NV, Eleissa C. Lavelle, Lavelle-Stubberud & Associates, Las Vegas, NV, Liaison counsel, for plaintiffs.

Kirk B. Lenhard, Kim Boyer, Jones, Jones, Close & Brown, Las Vegas, NV, Mar C. Washton, Gareth T. Evans, James P. Maniscalco, Gibson, Dunn & Crutcher LL, Los Angeles, CA, for Grand Casinos, Inc., Lyle A. Berman, Stanley Taube, David R. Wirshing, Thomas A. Lettero, Andres S. Blumen and Thomas G. Bell.

Dennis L. Kennedy, Laurel E. Davis, Lionel Sawyer & Collins, Las Vegas, NV, Martin Glenn, Scott A. Schrader, Alfred P. Levitt, O'Melveny & Myers, New York City, Seth Aronson, David R. Garcia, O'Melveny &

Myers, Los Angeles, CA for BT Securities Corporation and Montgomery Securities.

Michael R. Mushkin, Mark C. Hafer, Mushkin & Hafer, Las Vegas, NV, Randy G. Gerchick, Hughes, Hubbard & Reed, Los Angeles, CA, for Bob Stupak, Bob stupak Enterprises, Inc.

## ORDER

HUNT, United States Magistrate Judge.

Before the Court is **Plaintiffs' Motion to Establish Deposition Protocol** (# 206, filed August 11, 1998), together with the Declaration of Kevin P. Roddy with Exhibits in Support of Plaintiffs' Motion … (# 207, filed August 11, 1998). Defendants filed their Opposition to Plaintiffs' Motion … (# 213) on August 28, 1998 and Plaintiffs Reply … (# 215) was filed September 8, 1998. The Court has carefully considered each of the above.

Plaintiffs seek the establishment of a protocol to govern depositions in this matter to "avoid the wasted time and circus-like atmosphere they endured in [the bankruptcy claims estimation proceeding in] April 1997." Motion, p. 2. While the Court was not convinced by the exhibits provided that a "circus-like atmosphere" existed in 1997, the Court recognizes the need to avoid the wasting of time and money that can occur when there are a multitude of parties and attorneys, or when attorneys, parties or witnesses engage in conduct which obstructs or interferes with the orderly progress of discovery. There also appears to be some disagreement in the interpretation of the rules governing depositions. In an attempt to avoid unnecessary conflict or dispute, a deposition protocol will be established.

Plaintiffs seek a protocol which would include the following: (1) All depositions shall be videotaped and recorded stenographically; (2) All depositions shall be conducted at the offices of Plaintiffs' counsel or Defendants' counsel; (3) Depositions shall be conducted from 9:30 a.m. until 5:30 p.m. with a one-hour break for lunch and one fifteen-minute break during the morning and afternoon; (4) All cellular telephones and pagers shall be turned off and smoking or firearms should not be allowed in the deposition; (5) No "speaking objections" are to be made; (6) Counsel shall not instruct a witness not to answer a question except to preserve a privilege, enforce a court order or adjourn a deposition; (7) Counsel may not coach or confer with a witness during a deposition and deposing counsel may inquire into whether any such conference has taken place and the substance of the communications with counsel; and (8) The deposition of Defendant Bob Stupak is to be taken when the magistrate judge can attend.

The Grand Casino Defendants agree with portions of the proposed protocol and disagree with others. (1) Defendants agree that all parties should have the "right" to take video depositions, but disagree that any party should be "required" to. (2) They have no objections to having all depositions taken at attorneys' offices, assuming availability, but if not, the parties should be free to secure any reasonable facility that has sufficient size and accommodations for the procedure. (3) Defendants have no objections to the depositions being scheduled during normal business hours, but feel there should be flexibility in the number or timing of breaks to provide accommodation for the health and comfort of witnesses or attorneys. (4) They have no objections to a requirement that cellular telephones be turned off and that there be no smoking or firearms permitted in the deposition, but contend that pagers, turned on to the silent mode, are necessary and would not be disruptive. (5) Defendants contend that a proscription on "speaking objections" is vague since all objections are "spoken," however, they have no objections to a requirement that the parties be required to comply with Fed.R.Civ.P. 30(d)(1). (6) They have no objections to the restrictions on instructions not to answer a question as provided in Rule 30(d)(1), but feel Plaintiffs' proposal does not include all legitimate reasons provided in Rule 30(d)(1).[1] (7) Defendants adamantly object to a blanket order

---

1. Specifically mentioned is the right to instruct a witness not to answer until a motion can be filed under Rule 30(d)(3).

prohibiting a conference between a deponent and counsel during a deposition or inquiry by other counsel into the privileged communications which may take place. (8) They take no position to the suggestion that the magistrate judge be present during the deposition of Defendant Bob Stupak.

Based upon Plaintiffs' Reply, it appears that the only significant issue of disagreement between Plaintiffs and Defendants is over the "right to confer with counsel during a deposition." The parties did not provide, and the Court was unable to find, any Ninth Circuit decisions which speak directly to this point. There are also some attendant and additional issues that need clarification.

## 1. VIDEO DEPOSITIONS

Plaintiffs contend that the parties have the "right" to take video depositions, citing Rule 30(b)(2). Defendants do not question that contention, but it is not strictly accurate. That subsection states as follows:

The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. **Unless the court orders otherwise, it may be recorded by sound, sound-and-visual,** or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means. (emphasis added)

Similarly, rule 32(c) provides, in pertinent part:

... **On request of any party** in a case tried before a jury, deposition testimony offered other than for impeachment purposes shall be presented in nonstenographic form, if available, **unless the court for good cause orders otherwise** (emphasis added).

In the District of Nevada, the Court has "ordered otherwise" to the extent that, based upon what is interpreted as authority given in Rules 30 and 32, this District Court has determined that stenographically recorded deposition testimony shall be the norm and video depositions must be approved by the Court. Local Rule LR 32–1. However, it is the practice of the judges of the District of Nevada to liberally permit video depositions unless it appears that it is requested for the purpose of intimidating a witness or that it may be difficult to edit objectionable portions of a video deposition for presentation at trial. So long as there is a transcript of the deposition which can be used for cross-examination, in the event that use of the video may be disruptive to the orderly conduct of cross-examination, there appears to be no good cause why video depositions should not be permitted here in conjunction with stenographic transcripts.

## 2. DAILY DEPOSITION SCHEDULE

None of the Federal Rules of Civil Procedure require a specific schedule nor provide for an inflexible protocol mandating the timing or length of breaks. The obvious reason for flexibility is the need to give consideration to the health or other physical requirements of witnesses, parties and attorneys, not to mention the necessity of accommodation of travel arrangements and other schedules. However, the provisions of Rule 30(d)(3), which forbid a deposition to be "conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party," provide sufficient authority for the Court to establish guidelines which it considers reasonable, with sufficient flexibility to accommodate the personal needs of everyone involved.

## 3. OBJECTIONS DURING DEPOSITIONS

It is common to refer to objections that are argumentative or which suggest an answer to the witness, as "speaking objections." However, since all objections must be "spoken" the term "speaking objections" is vague and not sufficiently descriptive. This Court can find no better or more succinct definition or description of what is and what is not a valid deposition objection than that found in Rule 30(d)(1): "Any objection to evidence during a deposition shall be stated concisely and in an non-argumentative and non-suggestive manner."

The Court will require adherence to that rule in the protocol. While it merely re-

states the rule, a reminder is often prudent. The Court is optimistic that counsel will adhere to the rule, even if they may need to be gently reminded by their counterparts during a deposition. If there arises a dispute which counsel are unable to resolve, this Court will be available for a ruling by telephone.

## 4. *INSTRUCTIONS NOT TO ANSWER*

Like the preceding issue, the Court is hard put to improve upon the Rule. Plaintiffs' Motion, and, more specifically, the proposed Order Establishing a Deposition Protocol, requests a mandate that only permits an instruction not to answer a question "when necessary to preserve a privilege or to enforce a limitation on evidence imposed by this Court." Proposed Order, p. 1, paragraph 8. Such a provision is too restrictive and does not conform to the provisions of Rule 30(d)(1).

Rule 30(d)(1) provides, in pertinent part, as follows: "A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3)." Paragraph (3) is the provision which provides for a motion for protection against conducting a deposition in bad faith or in a manner than is designed to unreasonably annoy, embarrass or oppress the deponent. The Court agrees with Defendants that this latter ground to directing a witness not to answer a question or questions is necessary and should be included.

The Court is aware that it is the practice of many attorneys to direct a witness not to answer a question on the ground that it calls for irrelevant or inadmissible evidence. More often than not, this occurs out of frustration after repeated objections on the ground of lack of relevance.

Rule 26(b)(1) provides that "Parties may obtain discovery regarding any matter, not privileged, **which is relevant** to the subject matter involved in the pending action ... (emphasis added)." Consequently, when attorneys feel questions ask for irrelevant facts or information, they object and sometimes instruct their witness not to answer because the questions violate Rule 26(b)(1).

■ It is usually not necessary to make an objection based upon irrelevancy. 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2113 (1994). Federal Rule of Civil Procedure 32(d)(3) provides: "Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one which might have been obviated or removed if presented at that time." It is difficult to conceive of the likelihood that a question which calls for irrelevant information can be "cured" by restating the question, unless the question is changed to ask for relevant (*i.e.,* different) information. Accordingly, it would be rare that an irrelevant question could be cured. Thus, the objecting party may wait until trial (or just prior to trial) to make the objection when, and if, the deposition testimony is offered into evidence.

■ It is only necessary to object at a deposition where the "form" of the question (not the nature of the question) is objectionable and a "seasonable" objection would provide an opportunity to correct the form. Questions to which timely objections should be made during the deposition include those which are leading or suggestive; ambiguous or uncertain; compound; assume facts not in evidence; call for a narration; call for speculation or conjecture; or argumentative. *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial,* § 11:493 at 11–99.

■ If irrelevant questions are asked, the proper procedure is to answer the questions, noting them for resolution at pretrial or trial. *W.R. Grace & Co. v. Pullman, Inc.,* 74 F.R.D. 80 (D.C.Okl.1977); *Drew v. International Bhd. of Sulphite & Paper Mill Workers,* 37 F.R.D. 446 (D.D.C.1965). Where there are questions during a deposition which are objectionable, "the examination shall proceed, with the testimony being taken subject to the objections." Fed. R.Civ.P. 30(c). A party may object to an irrelevant line of question, but instructing a

witness not to answer a question because it calls for inadmissible facts is sanctionable. *Boyd v. University of Maryland Medical System,* 173 F.R.D. 143, 144, 149 (D.Md. 1997). However, counsel should avoid the prohibited practice of engaging in so-called Rambo tactics where counsel attacks or objects to every question posed, thus interfering with, or even preventing, the elicitation of any meaningful testimony and disrupting the orderly flow of the deposition. *American Directory Service Agency, Inc. v. Beam,* 131 F.R.D. 15, 18–19 (D.C.D.C.1990).

The irrelevancy of a question is not grounds to instruct a witness not to answer the question (*See* Rule 30(c); *International Union of Elec., Radio and Mach. Workers, AFL—CIO v. Westinghouse Elec. Corp.,* 91 F.R.D. 277, 279 (D.C.D.C.1981); *Preyer v. U.S. Lines, Inc.,* 64 F.R.D. 430 (E.D.Pa. 1973)), unless and until the pervasive or other nature of the questioning makes it obvious that it is necessary to stop the deposition and seek relief under Rule 30(d)(3) for being conducted in a manner evidencing bad faith, or to embarrass, annoy, or oppress the deponent. On the other hand, it should be clearly understood it is not the embarrassment or annoyance which may be caused by unfavorable answers that is the criteria of 30(d)(3). It is the "manner" in which the interrogation is conducted that is grounds for refusing to proceed, followed by the required motion to seek relief. Likewise, the mere fact that more than one irrelevant question is asked, or even that a series of irrelevant questions is asked does not, by itself, constitute annoyance or oppression contemplated by (30)(d)(3).

"A party may instruct a deponent not to answer **only** when necessary to **preserve a privilege,** to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3) (emphasis added)." Rule 30(d)(1). The first circumstance, to preserve a privilege, is usually directed toward a specific question and does not require the termination of the deposition. It might require counsel to confer privately with his client to determine whether or not the question invades a privileged matter. Following such a conference, or, if a conference is not necessary, when so instructing a witness, counsel should place on the record the fact that upon discussing the matter with his client or witness, if a conference is held, or if not, merely stating that the matter is privileged, followed by an explanation of the grounds for the invocation of the privilege. Thereafter the deposition continues to conclusion. If opposing counsel contests the designation or the refusal to answer, the deponent's counsel should, immediately following the deposition, seek a ruling on the efficacy of the claim of privilege.

The second circumstance, dealing with court limitations on evidence, does not appear presently to be an issue here. However, should it become so, it should be dealt with similarly to that of privilege. That is, the objection and instruction not to answer, followed by an explanation of why the objection or limitation is asserted. Thereafter the deposition continues to conclusion.

The last circumstance contemplated by Rule 30(d)(1) usually results in the termination or interruption of the deposition while the objecting party seeks a protective order from the court. It such a judicial determination is not sought, this Court will presume that there were not sufficient grounds for the objection and instruction not to answer, or the termination of the deposition, and that the action was undertaken merely to obstruct the discovery process.

## 5. CONFERRING WITH A WITNESS DURING DEPOSITION

### (A) Right to a Conference

Plaintiffs contend that a deponent does not have the right to confer with counsel at any time during the deposition, including during breaks, lunch, (or presumably even overnight if the deposition takes more than one day) or otherwise. Furthermore, they claim that opposing counsel has the right to inquire into whether they have spoken and, if so, what was discussed. Plaintiffs base their argument on the case of *Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D.Pa.1993).

As noted above, the Court was unable to find any decision by any court within the Ninth Circuit which addresses this issue.

None were provided by either party. Furthermore, it appears that the *Hall* decision has not been cited by any Ninth Circuit court either favorably or unfavorably. Accordingly, this Court will undertake its own analysis of the *Hall* decision.

The *Hall v. Clifton Precision* decision arose when the defendant's counsel attempted to ask the deponent about a document which had been handed to him, and the deponent's counsel insisted on reviewing the document with the deponent before he answered any questions about it. A telephone call to the judge resulted in the termination of the deposition in order that the matter be resolved by the court. A number of issues are addressed in the decision, but the only one this Court will address is that of deponent-attorney conferences during the deposition.

This Court agrees with the underlying concern and essential purpose of the *Hall* court's ruling. However, this Court is of the opinion that the *Hall* decision goes too far and its strict adherence could violate the right to counsel.

The *Hall* court's order included the following:

> 5. Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.
> 6. Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

*Id.* at 531–532

. . . .

The *Hall* decision effectively precludes counsel and his witness from speaking to each other once a deposition has begun, until it is finished. If they so much as speak to each other, opposing counsel then has the right to inquire into every thing that was said.

The basis and reasons for this decision begin with Rule 30(c) in which the first sentence reads: "Examination and cross-exami-

nation of witnesses may proceed as permitted **at the trial** under the provisions of the Federal Rules of Evidence except Rules 103 and 615." [2] In other words, a deposition should be conducted just as though the witness were testifying at trial, with the exception that there is no judge there to rule on objections or admissibility and others may not be precluded from sitting in on the deposition.

The *Hall* court then notes that Plaintiff's counsel (the attorney for the deponent) had provided no citation to support his argument that "an attorney and client may confer **at their pleasure** during the client's deposition (emphasis added)." *Id.* at 527

The court then noted that Defendant's counsel had provided orders from a number of courts holding that "such conversations" were not allowed. *Id.*

The *Hall* court then lists a number of orders in footnote, followed by a quote from one of them. The quote underscores the difference between what the problem is, what the *Hall* court's solution is. The difference is highlighted in further comments by the *Hall* court which will be discussed below. The *Hall* court quotes a footnote from the *Standing Orders of the Court on Effective Discovery in Civil Cases*, 102 F.R.D. 339, 351, no. 13 (E.D.N.Y.1984) as follows:

> "[a]n attorney for a deponent shall not **initiate** a private conference with the deponent during the actual taking of a deposition, except for the purpose of determining whether a privilege should be asserted."

*Hall*, 150 F.R.D. at 527 (my emphasis).

*Hall* continues with statements like, "During a civil trial, a witness and his or her lawyer are not permitted to confer **at their pleasure** during the witness's testimony (emphasis added)." And "To allow private conferences **initiated** by the witness would be to allow the witness to listen to the question, ask his or her lawyer for the answer, and then parrot the lawyer's response (emphasis added)." *Id.* at 528.

**2.** FRE 103 deals with rulings on evidence and FRE 615 deals with exclusion of witnesses.

 This Court agrees with the *Hall* court that a questioning attorney is entitled to have the witness, and the witness alone, answer questions. *See Hall* at 529. When there is a question pending neither the deponent nor his or her counsel may initiate the interruption of the proceeding to confer about the question, the answer, or about any document that is being examined, except to assert a claim of privilege (conform to a court order or seek a protective order). If the deponent does not understand the question, or the meaning of a word or phrase, or even if the deponent has a question about a document, he or she should ask the questioning attorney. *Id.* If the deponent lacks knowledge or understanding, then the deponent should say so, not seek understanding or direction about how to answer the question from his or her attorney. *Id.* The interrogating counsel has the right to the deponent's answers, not an attorney's answers.

While this Court agrees with the *Hall* court's identification of the problem, it feels *Hall* goes too far in its solution.

 It is one thing to preclude attorney-coaching of witnesses. It is quite another to deny someone the right to counsel. Even the court in *Hall* notes in footnote 5 that the right to counsel is an issue that has not been decided in this context. It is this Court's opinion that the right of counsel does not need to be unnecessarily jeopardized absent a showing that counsel or a deponent is abusing the deposition process.

This Court is not aware of any cases, at least in the Ninth Circuit, which precludes counsel from speaking to his or her client/witness during recesses called by the court during trial or during regularly scheduled recesses of depositions. Such breaks in the action are usually not taken when a question is pending and are usually not at the instigation of the deponent or counsel. If they are requested by the deponent or deponent's counsel, and the interrogating attorney is in the middle of a question, or is following a line of questions which should be completed, the break should be delayed until a question is answered or a line of questions has been given a reasonable time to be pursued.

It is this Court's experience, at the bar and on the bench, that attorney's and clients regularly confer during trial and even during the client's testimony, while the court is in recess, be it mid morning or mid afternoon, the lunch recess, are the evening recess. The right to prepare a witness is not different before the questions begin than it is during (or after, since a witness may be recalled for rebuttal, etc., during trial). What this Court, and the Federal Rules of Procedure seek to prevent is coaching the witness by telling the witness what to say or how to answer a specific question. We all want the witness's answers, but not at the sacrifice of his or her right to the assistance of counsel.

Furthermore, "consultation between lawyers and clients cannot be neatly divided into discussions about 'testimony' and those about 'other' matters." *Mudd v. United States,* 798 F.2d 1509, 1512 (D.C.Cir.1986). To deny a client any right to confer with his or her counsel about anything, once the client has been sworn to testify, and further to subject such a person to unfettered inquiry into anything which may have been discussed with the client's attorney, all in the name of compliance to the rules, is a position this Court declines to take.

While this Court agrees with the *Hall* court's goals, it declines to adopt its strict requirements. This Court will not preclude an attorney, during a recess that he or she did not request, from making sure that his or her client did not misunderstand or misinterpret questions or documents, or attempt to help rehabilitate the client by fulfilling an attorney's ethical duty to prepare a witness. So long as attorneys do not demand a break in the questions, or demand a conference between question and answers, the Court is confident that the search for truth will adequately prevail.

(B) *Waiver of Privilege as to Conference Communications*

 This Court agrees that any attorney who instructs a witness not to answer because of a claim of privilege, whether after a conference or not, should place on the record the fact that a conference is held (if

one is held), the subject of the conference (*i.e.*, the document or subject matter to which the privilege is asserted, not the substance of the communications themselves), and the decision reached as to whether to assert a privilege. *See Hall v. Clifton,* 150 F.R.D. at 529–530. However, this Court disagrees with the contention that any conference counsel may have with the deponent during a deposition waives the claim of privilege as to the communications between client and counsel during any conference or other break in the deposition. *See Odone v. Croda International PLC,* 170 F.R.D. 66 (D.C.D.C.1997). Accordingly, the Court will not give the interrogating counsel *carte blanche* to invade the privileged communications between counsel and his client.

Accordingly, based upon the foregoing, the Plaintiffs' Motion to Establish Deposition Protocol (#206) is granted and the Court here establishes the following as the

## DEPOSITION PROTOCOL

(1) Any depositions may be videotaped, in addition to being recorded stenographically, if the intention to videotape is stated in the deposition notice or otherwise agreed between the taking party and the witness.

(2) All depositions shall be conducted at the offices of Plaintiffs' or Defendants' counsel if possible. If such accommodations are unavailable, depositions may alternatively be taken at some other facility adequate to accommodate all those attending.

(3) All depositions and witness examinations shall be held from 9:30 a.m. until 5:30 p.m., with a one-hour lunch break and one 15-minute break during the morning and afternoon sessions, unless transportation or health or other physical needs require reasonable modifications of this schedule.

(4) All cellular telephones shall be turned off during depositions and all pages shall be turned to silent signal modes during depositions.

(5) Smoking in the deposition room is prohibited during all depositions.

(6) No firearms shall be permitted at depositions.

(7) During all depositions counsel shall adhere strictly to Rule 30(d)(1) and (3), Federal Rules of Civil Procedure and specifically, "Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3) [of Rule 30(d)]."

(8) Neither a deponent nor Counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed except as permitted in Rule 30(d)(1).

(9) Whenever counsel instructs a witness not to answer a question, he or she shall state on the record the specific reason for such an instruction, the specific question, part of a question, or manner of asking the question, upon which counsel is basing the instruction not to answer the question.

(10) If necessary, the parties may schedule the deposition of Defendant Stupak at a time when the Magistrate Judge is available although the Court makes no promises regarding availability. Or, in the alternative, the Magistrate Judge will endeavor to make himself available by telephone to address any disputes which arise during Defendant Stupak's deposition (or any other) if given proper notification of the times the deposition is being conducted. Furthermore, the Court will permit the deposition of Defendant Stupak to be taken in its courtroom, if the courtroom schedule permits.

(11) Depositions shall otherwise be conducted in compliance with the Federal Rules of Civil Procedure the Federal Rules of Evidence.