520 S.E.2d 875

**STATE of West Virginia ex rel. Christina MEANS, Petitioner,**

v.

**Honorable Charles E. KING, Judge of the Circuit Court of Kanawha County, the West Virginia Department of Transportation, Division of Highways and William Cayton, Respondents.**

No. 25891.

Supreme Court of Appeals of West Virginia.

Submitted June 1, 1999.

Decided July 14, 1999.

---

J. Michael Ranson, Esq., Cynthia M. Salmons, Esq., Leslie R. Stotler, Esq., Ranson Law Offices, Charleston, West Virginia, Attorneys for Petitioner.

Charles R. Bailey, Esq., Desiree Halkias Divita, Esq., Shuman, Annand, Bailey, Wyant & Earles, Charleston, West Virginia, Attorneys for Respondents, West Virginia Department of Transportation, Division of Highways and William Cayton.

WORKMAN, Justice:

Petitioner, Christina Means (hereinafter "Ms. Means" or "Petitioner"), filed this writ of prohibition seeking to prohibit the enforcement of an order entered on January 5, 1997, by Judge Charles King of the Circuit Court of Kanawha County, in which he ordered that "once the Plaintiff i[s] placed under oath for her deposition or any other sworn testimony, discussions between Plaintiff and her counsel are inappropriate." Petitioner contends that Judge King exceeded his legitimate authority because his ruling is in contravention of West Virginia law and court rules. Further, petitioner argues that the circuit court's ruling

effectively denies her right to counsel. Respondents, the West Virginia Department of Transportation, Division of Highways and William Clayton (hereinafter "Respondents"), contend that the circuit court was correct in ordering that discussions between counsel and his client regarding the client's testimony during a recess in a deposition are inappropriate. Because we find that the circuit court erred in its ruling, we prohibit the court from enforcing the order and grant the writ as moulded.

## I.  Background Facts

This civil action arises out of damages claimed by Petitioner as a result of alleged gender-based discrimination by Respondents. Subsequent to the filing of the complaint and answer in this civil action, the parties began the discovery phase of litigation. Accordingly, Petitioner's deposition was scheduled to take place on August 21, 1998. The deposition was originally scheduled to begin at 10:00 a.m. However, because of some confusion between counsel regarding the time the deposition was supposed to begin, the deposition was not commenced until 12:30 p.m. (Disagreement exists between the parties regarding whether or not an agreement was sought or made to begin the deposition at a later time.)

Because of the late starting time and because it was anticipated that the deposition would continue into the next day, counsel for Respondents requested that Petitioner and her counsel agree not to discuss Petitioner's deposition between themselves in any way during the evening break, should the deposition not be completed on that day. Counsel for Respondents represents in her brief before this Court that in seeking this agreement, she conceded that matters such as assertion of the attorney-client privilege or whether evidence fell within the work product doctrine were not improper subjects of discussion, but maintained that discussions regarding the testimony of a witness once she has been placed under oath is improper. Petitioner's counsel would not agree to this condition and, accordingly, counsel for respondents refused to continue with the deposition in order to seek relief in the circuit court.

Subsequently, Petitioner filed a Motion for Sanctions and for a Protective Order with the circuit court and Respondents filed a Motion for Costs. The circuit court denied both Petitioner's and Respondents' Motions in an order dated January 5, 1999. However, in that same order, the circuit court found that "[t]he Court is further of the opinion that once the Plaintiff [is] placed under oath for her deposition or any other sworn testimony, discussions between Plaintiff and her counsel are inappropriate." It is from this order that Petitioner seeks a writ of prohibition.

## II.  Standard of Review

■  Petitioner has filed a writ of prohibition seeking to prevent the enforcement of the January 5, 1999, order. Petitioner contends that the circuit court has exceeded its legitimate powers in issuing the order. We have held that:

"Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." Syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953).

Syl. Pt. 2, *Cowie v. Roberts*, 173 W.Va. 64, 312 S.E.2d 35 (1984).

■  In syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), we set forth the applicable standard for determining whether to grant a writ of prohibition in cases when a petitioner asserts that the circuit court has exceeded its legitimate powers:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors:  (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief;  (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal;  (3) whether the lower tribunal's

order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*Id.* In addition, we have held that "[a] writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders." Syl. Pt. 1, *State Farm Mut. Auto. Ins. Co. v. Stephens*, 188 W.Va. 622, 425 S.E.2d 577 (1992).

▮ This case presents a purely legal question for review. Accordingly, the following standard of review applies: "Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

### III. Discussion

The issue before this Court is limited to the specific question of whether or not the circuit court erroneously ruled that once a party is placed under oath for her deposition, discussions between the party and her counsel during a recess or break are improper. This is a novel issue for this Court and a review of the West Virginia statutory and common law provides little guidance.

The West Virginia Rules of Civil Procedure give the court control over the discovery process in general. Rule 30 of the West Virginia Rules of Civil Procedure governs the taking of depositions upon oral examination during the discovery phase of litigation. Rule 30(a) authorizes, in part, that "[a]fter commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination." Rule 30 does not include any language which provides that once a party or a witness is placed under oath for her deposition, discussions between the party/witness and counsel are improper.

Rule 30(b)(8) specifically provides that "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the West Virginia Rules of Evidence." Rule 611 of the West Virginia Rules of Evidence governs the mode and order of interrogation and presentation of witnesses during a trial. Rule 611(a) provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

Rule 30(d) of the West Virginia Rules of Civil Procedure contains the most restrictive language regarding the role of counsel during a deposition; however, it does not address the issue with which we are faced. Rule 30(d)(1) provides that "[a]ny objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3)." [1] Rule 30(d)(1) and (3) track the

---

1. Rule 30(d)(3) of the West Virginia Rules of Civil Procedure provides as follows:

     At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court

of the county where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the object-

exact language found in Rule 30(d)(1) and (3) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Pro. 30.

The propriety of private conferences during deposition breaks or recesses poses a difficult question for this Court. A conference during a regularly scheduled evening or lunch break obviously would not cause a needless consumption of time during a deposition, nor should it affect the answer to a pending question. On the other hand, the concern implicit in this issue is that such a private conference might permit an attorney or some other person to suggest changes to prior answers or coach the witness about anticipated questions, and, "[c]onsequently, the potential exists that the conference might be used to violate ethical or legal rules against witness coaching." A. Darby Dickerson, *The Law and Ethics of Civil Depositions*, 57 Md. L.Rev. 273, 332 (1998). "Conversely, prohibiting a client from talking to her attorney during a long break might penalize the client unnecessarily." *Id.* at 332–333.

As we have previously indicated, all phases of the deposition examination are subject to the sound discretion of the court, which can make any orders necessary to prevent the abuse of the discovery and deposition process. "A trial court is permitted broad discretion in the control and management of discovery, and it is only for an abuse of discretion amounting to an injustice that we will interfere with the exercise of that discretion." Syl. Pt. 1, in part, *B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W.Va. 463, 475 S.E.2d 555 (1996). Because of this broad discretion, we are generally quite hesitant to interfere in a trial court's decisions regarding discovery issues. Here, however, we are faced with a new issue and the lower court judge had to make a decision in somewhat of a legal vacuum. In light of the fact that our law provides little guidance on this issue, we first examine the law of other jurisdictions.

The United States District Court for the Eastern District of Pennsylvania has addressed whether a witness and his or her attorney may confer during the course of a deposition where the conference is not solely for purpose of determining if a privilege should be asserted. In *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa.1993), the case relied on by Respondents, the federal district court emphatically found that "conferences between witness and lawyer are prohibited both during the deposition and during recesses." *Id.* at 529.[2]

In reaching this conclusion, the district court explained that "[t]he underlying reason for preventing private conferences is still present: they tend, at the very least, to give the appearance of obstructing the truth." *Id.* at 528. The district court specifically instructed that:

> Once the deposition has begun, the preparation period is over and the deposing lawyer is entitled to pursue the chosen line of inquiry without interjection by the witness's counsel. Private conferences are barred during the deposition, and the fortuitous occurrence of a coffee break, lunch break, or evening recess is no reason to change the rules. Otherwise ... [a] clever lawyer or witness who finds that a deposition is going in an undesired or unanticipated direction could simply insist on a short recess to discuss the unanticipated yet desired answers, thereby circumventing the prohibition on private conferences.

*Id.* at 529. The *Hall* court did, however, carve out one exception to this stringent rule, finding "that a private conference between witness and attorney is permissible if the purpose of the conference is to decide whether to assert a privilege." *Id.* Although this issue has not been substantially developed in the case law, other courts have also held that private conferences between deponents and

---

ing party or deponent the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**2.** In *Hall*, the district court reviewed the court's authority to govern depositions under Rule 30 of the Federal Rules of Civil Procedure, and, as noted above, Rule 30(d)(1) and (3) of these rules are the same as Rule 30(d)(1) and (3) of the West Virginia Rules of Civil Procedure.

attorneys during a deposition are improper except for the purpose of determining the existence of a privilege. *See In re Asbestos Litig.*, 492 A.2d 256, 259 (Del.1985) (holding that attorney-client consultations regarding client's deposition testimony during course of deposition during asbestos litigation is prohibited); *O'Brien v. Amtrak*, 163 F.R.D. 232, 236 (E.D.Pa.1995) (applying guidelines of *Hall* to depositions taken in action).

The *Hall* court's strict holding was rejected, however, by the United States District Court for Nevada in *In re Stratosphere Corp. Securities Litigation*, 182 F.R.D. 614 (D.Nev. 1998). Even though the district court in *Stratosphere* agreed with the underlying concern and essential purpose of the holding in *Hall*, the court was "of the opinion that the *Hall* decision goes too far and its strict adherence could violate the right to counsel." *Id.*, at 620. In *Stratosphere*, the district court noted that "[t]he *Hall* decision effectively precludes counsel and his witness from speaking to each other once a deposition has begun, until it is finished. If they so much as speak to each other, opposing counsel then has the right to inquire into every thing that was said." *Id.*

In rejecting the *Hall* holding, the *Stratosphere* court explained that:

This Court agrees with the Hall court that a questioning attorney is entitled to have the witness, and the witness alone, answer questions. . . .

. . . .

It is one thing to preclude attorney-coaching of witnesses. It is quite another to deny someone the right to counsel. Even the court in *Hall* notes in footnote 5 that the right to counsel is an issue that has not been decided in this context. It is this Court's opinion that the right of counsel does not need to be unnecessarily jeopardized absent a showing that counsel or a deponent is abusing the deposition process.

. . . .

It is this Court's experience, at the bar and on the bench, that attorney's [sic] and clients regularly confer during trial and even during the client's testimony, while the court is in recess, be it mid morning or mid afternoon, the lunch recess . . . [or]

the evening recess. The right to prepare a witness is not different before the questions begin than it is during (or after, since a witness may be recalled for rebuttal, etc., during trial). What this Court, and the Federal Rules of Procedure seek to prevent is coaching the witness by telling the witness what to say or how to answer a specific question. We all want the witness's answers, but not at the sacrifice of his or her right to the assistance of counsel.

. . . To deny a client any right to confer with his or her counsel about anything, once the client has been sworn to testify, and further to subject a person to unfettered inquiry into anything which may have been discussed with the client's attorney, all in the name of compliance to the rules, is a position this Court declines to take.

*Id.* at 621.

In reaching its ultimate conclusion, the district court in *Stratosphere* explained that it declined to adopt *Hall's* strict requirements and held that it "will not preclude an attorney, during a recess that he or she did not request, from making sure that his or her client did not misunderstand or misinterpret questions or documents, or attempt to rehabilitate the client by fulfilling an attorney's ethical duty to prepare a witness ." *In re Stratosphere*, 182 F.R.D. at 621. The district court further instructed that "[s]o long as attorneys do not demand a break in the questions, or demand a conference between question and answers, the Court is confident that the search for truth will adequately prevail." *Id.* Other courts have held similarly. *See Odone v. Croda Int'l PLC*, 170 F.R.D. 66, 69 (D.C.Cir.1997) (refusing to penalize attorney for utilizing five-minute recess that he did not request to learn whether client misunderstood or misinterpreted questions and then attempting to rehabilitate client on record); *In re PSE & G Shareholder Litig.*, 320 N.J.Super. 112, 726 A.2d 994, 997 (Ch. Div. 1998) (refusing to apply blanket restrictions found in *Hall* to every case and allowing counsel and witness to confer during evening recess, after deposition has concluded for day

and is scheduled to resume the following day).

■ With regard to discovery depositions taken in the course of litigation, we believe that the approach taken in *Stratosphere* is the more logical and fair approach. An attorney should be able to ensure that his or her client did not misunderstand or misinterpret a question or a document. In fact, an attorney has an ethical duty to prepare a witness for a deposition. In the case at bar, Petitioner's deposition has not yet taken place and Respondents have made no showing that Petitioner and her counsel have abused the deposition process. Further, Rules 3.3[3] and 3.4[4] of the West Virginia Rules of Professional Conduct require that an attorney not purposefully allow false evidence or testimony to be given in a deposition.

■ In reaching this conclusion, however, we must distinguish between discovery and evidentiary depositions. Even though the current West Virginia Rules of Civil Procedure do not distinguish between evidentiary and discovery depositions, we recognize that there is a difference in practice. "The purpose of an evidentiary deposition, as its name implies is very different from the purpose of a discovery deposition." *State ex rel. Hoover v. Smith,* 198 W.Va. 507, 513, 482 S.E.2d 124, 130 (1997). An evidentiary deposition "is taken with the knowledge that it will be introduced as 'evidence' at the hearing [or a trial]." *Id.* A discovery deposition "is taken in order to 'discover' information." *Id.* Since an evidentiary deposition is taken specifically to be used in trial in instances when a witness is not available to testify and, therefore, must be afforded more stringent safeguards than a discovery deposition. Accordingly, we hold that an attorney may confer with his or her client witness during a recess or break in a discovery deposition, so long as the attorney did not request a break in the questions or request a conference between a question and an answer for an improper purpose. The right to counsel should not be jeopardized absent a showing that the

3. Rule 3.3 of the West Virginia Rules of Professional Conduct provides that:

(a) A lawyer shall not knowingly:
(1) make a false statement of material fact or law to a tribunal;
(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;
(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
(4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.
(b) The duties stated in paragraph (a) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.
(c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.
(d) In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

4. Rule 3.4 of the West Virginia Rules of Professional Conduct provides that:

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;
(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;
(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;
(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or
(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:
(1) the person is a relative or an employee or other agent of a client; and
(2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

attorney or the deponent is abusing the deposition process. To find otherwise would not only have the potential to jeopardize the right to counsel, but would indeed seem to presume lawyers will not adhere to the Rules of Professional Conduct. We presume instead that lawyers will follow the ethical tenets of our profession.

Our only concern with the decision rendered in *Stratosphere* is its discussion regarding trial testimony. The decision implies that attorneys and clients in both criminal and civil trials have the right to "regularly confer during trial and even during the client's testimony, while the court is in recess, be it mid morning or mid afternoon, the lunch recess ... [or] the evening recess." 182 F.R.D. at 621. While it is clear that a criminal defendant enjoys the right to confer with his attorney during the course of his trial testimony,[5] such an encompassing right does not apply to a party in a civil trial.[6] The federal district court in *Hall* specifically stated that "[d]uring a civil trial, a witness and his or her lawyer are not permitted to confer at their pleasure during the witness's testimony." 150 F.R.D. at 528, *see also Aiello v. City of Wilmington*, 623 F.2d 845, 858–59 (3d Cir. 1980) (federal appeals court refused to reverse district court that had ordered plaintiff and counsel not communicate during breaks in plaintiff's cross-examination because of concern over witness coaching).

Further, the Appellate Court of Illinois has held that "the right of a party to counsel in a civil case is quite divergent from the right of defendant in a criminal prosecution." *Stock-*

*er Hinge Mfg. Co. v. Darnel Indus., Inc.*, 61 Ill.App.3d 636, 18 Ill.Dec. 489, 377 N.E.2d 1125, 1133 (1978). The *Stocker* court refused to apply the rule enunciated in *Geders* to civil cases, stating that "quite aside from, and in addition to, the express mandate of the sixth amendment to the Federal Constitution, in criminal cases there are practical differences which make such a rule unnecessary in civil proceedings." *Id.* at 1134. The Appellate Court of Illinois affirmed its holding in *Stocker* in the case of *Commonwealth Edison Co. v. Danekas*, 104 Ill.App.3d 907, 60 Ill.Dec. 694, 433 N.E.2d 736 (1982). In *Commonwealth Edison*, the Illinois court relied on its earlier holding to find that a trial court did not commit reversible error in denying the defendant the right to consult with his attorney during a brief lunch recess that occurred in the course of his direct testimony. *Id.* at 741.

■ Finally, Respondents argue that a writ of prohibition is not warranted because Petitioner has failed to allege that Judge King lacked jurisdiction or has exceeded his legitimate power in this case. However, it is clear that the test for granting a writ of prohibition articulated in syllabus point 4 of *Berger*, is met in this case. Judge King's order is not a final order from which a direct appeal can be taken and no other means exist to obtain relief from this order. Also, the potential for the denial of petitioner's right to counsel during her deposition testimony cannot be corrected on appeal. Third, and most importantly, the order is clearly erroneous as a matter of law. Further, the order is subject to being repeated and cited as precedent

---

5. In *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), the United States Supreme Court held that "an order [in a criminal trial] preventing petitioner from consulting his counsel 'about anything' during a 17–hour overnight recess between his direct and cross-examination impinged on his right to the assistance of counsel guaranteed by the Sixth Amendment." *Id.* at 91, 96 S.Ct. 1330. In a later case, however, the United States Supreme Court, in finding that a criminal defendant did not have a right to confer with his attorney during a fifteen-minute trial recess between his direct and cross-examination, held that "the Federal Constitution does not compel every trial judge to allow the defendant to consult with his lawyer while his testimony is in progress if the judge decides that

there is a good reason to interrupt the trial for a few minutes." *Perry v. Leeke*, 488 U.S. 272, 284–85, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989).

6. Other courts, however, have found that the rule in *Geders* applies to civil trials as well. In *Potashnick v. Port City Construction Co.*, 609 F.2d 1101 (5th Cir.1980), the United States Court of Appeals for the Fifth Circuit analogized the holding in *Geders* to the civil litigation context, finding "that a civil litigant has a constitutional right to retain hired counsel ... [and a] rule prohibiting a litigant from consulting with his attorney during breaks and recesses in the litigant's testimony [during trial] impinges on that right." *Id.* at 1118.

during the course of litigation in other cases, and, lastly, the order has clearly raised an issue of law of first impression. *See* Syl. Pt. 4, *Berger*, 199 W.Va. at 14–15, 483 S.E.2d at 14–15.

## IV. Conclusion

Based upon the foregoing, we grant the writ of prohibition and prevent the enforcement of the order issued by Judge Charles King of the Circuit Court of Kanawha County.

Writ granted as moulded.