247 N.J. Super. 277 (1991)
588 A.2d 1293
LEONARD COYLE AND DEL COYLE, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
ESTATE OF ERICH H.W. SIMON, M.D., DEFENDANT-RESPONDENT, AND RICHARD A. DAVIS, M.D., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1991.
Decided April 12, 1991.
*279 Before Judges MICHELS, BRODY and D'ANNUNZIO.
Bryan D. Garruto argued the cause for appellants (Garruto, Galex & Cantor, attorneys; Ruth V. Simon, on the brief).
*280 Christopher J. Christie argued the cause for respondent (Dughi and Hewit, attorneys; Michael J. Keating and Nancy M. Rigassio, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
This appeal requires us to consider the extent to which plaintiffs have waived the attorney-client privilege respecting written statements they had given their attorney. The trial judge ruled that the privilege was waived with respect to the entire contents of the statements when plaintiffs' attorney gave copies to two experts he had engaged to testify at trial. We granted plaintiffs' motion for leave to appeal from an interlocutory order, stayed pending this appeal, compelling plaintiffs to provide copies of the statements to defense counsel. We now reverse.
This is a medical malpractice action. Dr. Erich Simon had been treating plaintiff Leonard Coyle (plaintiff) for epilepsy in 1969 when for the first time plaintiff began experiencing mental lapses. Suspecting that plaintiff may have developed a brain tumor, Dr. Simon referred him to a neurosurgeon, defendant Dr. Richard Davis. Dr. Davis concluded from his examination that plaintiff, who was then 40 years old, had cerebral and cortical atrophy. He told plaintiff that his ailment was progressive and predicted that within 15 years he would completely lose his mental faculties and within another five years he would be dead.
Plaintiff did not experience the mental deterioration predicted by Dr. Davis. In 1986 Dr. Simon, who had continued treating plaintiff, ordered tests that were developed after Dr. Davis had examined plaintiff in 1969. The new tests demonstrated that plaintiff never had cerebral or cortical atrophy. Plaintiff contends in this action, which he commenced after Dr. Simon had died, that he has suffered greatly and his life has been seriously disrupted as a result of Dr. Davis's misdiagnosis and Dr. *281 Simon's alleged endorsement of that error. Plaintiff Del Coyle, plaintiff's wife, asserts a per quod claim.
The issue on appeal springs from a dispute respecting the factual basis of the claim against Dr. Simon's Estate (defendant). Plaintiffs claim that by word or deed Dr. Simon endorsed Dr. Davis's misdiagnosis. That claim, however, is undercut by plaintiff's deposition in which he testified that after learning of Dr. Davis's diagnosis, Dr. Simon told plaintiff to disregard it. Plaintiff explained later in his deposition that he meant that Dr. Simon merely counselled him not to let Dr. Davis's diagnosis upset him, not that the diagnosis was wrong. Defendant's attorney wants to discover any statement plaintiff made that recounts what Dr. Simon had told him respecting Dr. Davis's diagnosis, and, particularly in view of Dr. Simon's death before this action, any other admissions that would help the defense.
Plaintiffs each gave their attorney a written statement in which they recited the factual basis of their claims against defendants. Their attorney gave copies of the statements to two medical experts who are expected to testify for plaintiffs at trial. The experts have both stated that they read the statements but cannot recall which portions, if any, they relied on in forming the opinions they expect to give at trial. In these circumstances, the trial judge ruled that the attorney-client privilege had been waived and granted defendant's motion for copies of the statements.
At the time they were given, plaintiffs' written statements to their attorney reciting facts relating to their claims were protected by the attorney-client privilege. "... [C]ommunications between lawyer and his client in the course of that relationship and in professional confidence, are privileged,..." Evid.R. 26(1).
The privilege that protects confidential communications between attorney and client from disclosure is broad enough to shield such communications when made to or shared *282 with the attorney's agent. State v. Davis, 116 N.J. 341, 361, 561 A.2d 1082 (1989). Agents include experts engaged to aid the attorney in the representation of his client. See e.g. State v. Mingo, 77 N.J. 576, 584, 392 A.2d 590 (1978) (handwriting expert); State v. Kociolek, 23 N.J. 400, 413, 129 A.2d 417 (1957) (psychiatrist); Macey v. Rollins Environmental Services, 179 N.J. Super. 535, 540, 432 A.2d 960 (App.Div. 1981) (project engineer); State v. Melvins, 155 N.J. Super. 316, 323, 382 A.2d 925 (App.Div. 1978), certif. denied 87 N.J. 320, 434 A.2d 72 (1981) (arson expert). Thus plaintiffs' written statements to their attorney did not lose the protection of the attorney-client privilege simply because the attorney shared them with his medical experts.
To be protected by the privilege, an attorney-client communication must be made "in professional confidence." Evid.R. 26(1). "Stated somewhat differently, the privilege accords the shield of secrecy only with respect to confidential communications made within the context of the strict relation of attorney and client." United Jersey Bank v. Wolosoff, 196 N.J. Super. 553, 562, 483 A.2d 821 (App.Div. 1984). However, where the client expects to use the communication itself as evidence, it is no longer secret. The privilege is thereby lost, and the communication must be disclosed in discovery.
A once-privileged attorney-client communication is used as evidence when used by an expert witness as a basis for opinion testimony. The content of the communication thereby becomes discoverable under R. 4:10-2(d)(1), which provides in relevant part:
A party may through interrogatories require any other party to disclose the names and addresses of each person whom the other party expects to call at trial as an expert witness, ... to state the subject matter on which the expert is expected to testify, to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, ...
The Rule requires a party to disclose to other parties an otherwise privileged communication made to his or her attorney *283 or expert if that communication is used by the expert to arrive at an opinion that the expert will give at trial.[1]
Care must be taken, however, to maintain the protection of the privilege with respect to attorney-client communications that the client's expert will not use at trial and which therefore remain confidential. We suspect that at most only portions of plaintiffs' statements to their attorney were used by the expert witnesses to arrive at the opinions they are expected to give at trial. Only those portions are free of the attorney-client privilege. The trial judge therefore erred in ordering that the entire contents of the statements be disclosed without first examining them in camera. See United Jersey Bank, supra, 196 N.J. Super. at 568, 483 A.2d 821 (trial court must conduct in camera inspection of material subject to attorney-client privilege to determine whether discoverable).
Although defendant argued that plaintiffs waived the privilege respecting the entire contents of their written statements because their attorney gave them to the experts, the trial judge correctly concluded that the waiver was not that broad. He concluded that the waiver extended only to those portions of the statements upon which the experts "relied" in arriving at the opinions they will give at trial. However, the judge was troubled by two problems in applying a reliance test. First, without denying that they may have relied in some way on the statements, the experts say they are unable to recall which portions, if any, they had relied upon in arriving at their opinions.[2] Second, even if the experts could recall which portions they had relied upon, a jury may not be able to make a fair evaluation of their opinions without knowing other relevant portions that the experts chose not to rely upon. Not wishing *284 to deprive defendant of any facts that may affect the jury's evaluation of the experts' opinions, and not knowing what portions of the statements contain such facts, the judge ordered that the entire contents of the statements be disclosed.
The problems identified by the judge may be avoided by applying a different test to define the scope of the waiver. Instead of trying to discern what portions of the statements the experts chose to rely upon, the waiver must encompass those portions that are relevant to an evaluation of their opinions. A party's statements given to his or her expert witness are not shielded by the attorney-client privilege if they could reasonably aid a fact finder in evaluating the opinions the expert is expected to give at trial. Upon request of the other party, the trial judge shall determine by an in camera review of the statements which portions are relevant in that respect and must therefore be disclosed in discovery. See United Jersey Bank, supra.
Although we have followed United Jersey Bank in using a relevancy test and requiring the trial judge to apply the test in camera, the privilege issue before us in that case was somewhat different from the issue before us now. There the plaintiff claimed to have been defrauded by misrepresentations allegedly made by the defendant to the plaintiff's attorney. In order to prevail at trial, the plaintiff had to prove that it had relied on the alleged misrepresentations. The defendant wanted discovery of all communications between plaintiff and its attorney that were relevant to the reliance issue. We set aside the privilege after applying the three-part balancing test found in In re Kozlov, 79 N.J. 232, 398 A.2d 882 (1979), for determining whether in an exceptional case "the privilege must yield to other important societal concerns." United Jersey Bank, 196 N.J. Super. at 563-564, 483 A.2d 821. Also, see R. 4:10-2(d)(3) where a balancing test is applied for determining whether the work-product privilege must yield in exceptional circumstances to permit discovery of facts known or opinions held by an *285 expert who is not expected to testify at trial.[3] Here the court is not being called upon to set aside the attorney-client privilege after balancing it against overriding societal concerns. Rather, by using portions of the statements as evidence through the testimony of their experts, plaintiffs can no longer claim that those portions are confidential, a vital element of the privilege. The effect is that as to those portions the privilege is lost.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] An expert's opinion is not admissible without disclosure of its factual basis. Bowen v. Bowen, 96 N.J. 36, 50, 473 A.2d 73 (1984).
[2] The experts' statements on this point are found in their depositions and in a certification.
[3] Rule 4:10-2(d)(3) provides in relevant part:

A party may discover facts known or opinions held by an expert ... who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means....