726 A.2d 994 (1998)
320 N.J. Super. 112
In re PSE & G SHAREHOLDER LITIGATION.
Superior Court of New Jersey, Chancery Division, Essex County.
Decided October 23, 1998.
*995 Alan C. Milstein (Sherman, Silverstein, Kohl, Rose & Podolsky), Pennsauken and Mark C. Rifkin (Greenfield & Rifkin, LLP), Paoli, PA, for plaintiffs.
James R. Zazzali (Zazzali, Zazzali, Fagella & Nowak), Newark and Harold G. Levison (Kasowitz, Benson, Torres & Friedman, LLP), New York City,, for defendants.
WEISS, A.J.S.C.
In this shareholders' derivative action defendants have moved for summary judgment to dismiss the complaints filed by the "demand-refused" plaintiffs and the "demandexcused" plaintiffs. There is presently pending before the court plaintiffs Stricklin's and Greenberg's motions to compel discovery and to impose sanctions in connection with the failure to properly proceed under the discovery rules. Although the pending discovery motions were filed by the "demand-refused" plaintiffs, the issue before the court relates to both cases.
In its April 30, 1998, opinion in this case, 315 N.J.Super. 323, 718 A.2d 254 (Ch.Div. 1998), this court held that:
plaintiffs are entitled to discovery on the issues of the Board's disinterestedness good faith, due care in its investigation and the reasonableness of its decision
[315 N.J.Super. at 337, 718 A.2d 254] (citation omitted)
The court further found that:
discovery should be limited to the narrow issue of what steps the directors took to inform themselves of the shareholder demand and the reasonableness of its decision.

[Ibid.]
With this background, the court will deal with each of plaintiff's contentions.

ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PRIVILEGE
Pursuant to the court's April 30, 1998, decision, plaintiffs have taken the deposition of some of the directors of PSE & G. During the course of the depositions counsel for the defendants raised the attorney-client privilege and work-product privilege to questions relating to conversations of counsel with the witnesses which related to the investigation conducted by counsel. In support of their position defendants assert that under the American Law Institute, Principles of Corporate Governance § 7.13(e), (ALI) conversations between the directors and their counsel are protected by the attorney-client privilege. No cases dealing with this precise issue were cited by defendants. Plaintiffs, on the other hand, have cited numerous authorities for the proposition that when the report or opinion of counsel is relied upon as a basis for the directors' decision, the attorney-client privilege as to that report and the underlying background to the preparation of the report has been waived.
N.J.R.E. 504 is a codification of the attorney-client privilege. As stated by the United States Supreme Court:
The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. J. Wigmore, Evidence § 2290 (McNaughton rev.1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the *996 lawyer's being fully informed by the client. As we stated last Term in Trammel v. United States, 445 U.S. 40, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980): "The lawyerclient privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." And in Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976), we recognized the purpose of the privilege "to encourage clients to make full disclosure to their attorneys."
[Upjohn Company v. U.S., 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981).]
See also In Re Ford Motor Company, 110 F.3d 954, 961 (3d Cir.1997).
The attorney-client privilege, however, is not absolute. Coyle v. Estate of Simon, 247 N.J.Super. 277, 282, 588 A.2d 1293 (App. Div.1991). In Garner v. Wolfinbarger, 430 F.2d 1093, 1103-04 (5th Cir.1970), the court stated:
But where the corporation is in suit against its stockholders on charges of acting inimically to stockholder interests, protection of those interests as well as those of the corporation and of the public require that the availability of the privilege be subject to the right of the stockholders to show cause why it should not be invoked in the particular instance.

[430 F.2d at 1103.]
The court then listed various indicia that might affect the decision of the presence or absence of good cause. Id. at 1104.
Numerous courts have recognized that when the opinion of counsel or advice of counsel is injected into the case, the attorney-client and work product privilege have been deemed waived. U.S. v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir.1991); Haymes v. Smith, 73 F.R.D. 572 (W.D.N.Y.1976); Garfinkle v. Arcata Nat'l Corp., 64 F.R.D. 688, 689 (E.D.N.Y.1974); Moskowitz v. Lopp, 128 F.R.D. 624, 638 (E.D.Pa.1989); In Re Kidder Peabody Securities Litigation, 168 F.R.D. 459, 468 (S.D.N.Y.1996); In Re Bairnco Corp. Sec. Litig., 148 F.R.D. 91, 100 (E.D.N.Y.1993). The ALI Principles of Corporate Governance entitled "Disclosure and the Attorney-Client Privilege" specifically recognizes that submission to the court of a report to the board or the committee constitutes a waiver of the attorney-client privilege. ALI § 7-13, comment e.
In these cases, the defendants rely in part on the opinion of their special counsel in rejecting plaintiffs demand. The court will grant plaintiffs' motion to compel the directors to respond to the questions concerning their conversations with special counsel in connection with the preparation and the submission of counsel's report.
DEFENDANT'S CONVERSATION WITH COUNSEL DURING DEPOSITION BREAKS
During the course of breaks in the depositions, the parties being deposed and counsel apparently had discussions concerning the depositions. Plaintiffs urge the court to prohibit such discussions as being in violation of R. 4:14-3(f). Defendants urged that such discussions are not prohibited by the aforementioned rule and that the official commentary to the rule specifically provides "since the rules speak only to `while the deposition is being taken,' it truly does not address consultation during overnight, lunch, and other breaks." Pressler, Current N.J. Court Rules, comment R. 4:14-3, paragraph (f) (Gann); see also Edison Corp. v. Secaucus, 17 N.J.Tax 178 (1998). Although the court agrees with defendants that R. 4:14-3(f) does not specifically cover the problem plaintiffs raise, the question is whether the court should impose same type of restrictions on conversations with witnesses that are normally imposed during the actual trial of a case.
R. 4:14-3 is based in large part on F.R.C.P. 30. Under the Federal Rules of Civil Procedures, deposition examinations are to be conducted in the same manner as examinations at trial. F.R.C .P. 30(c). R. 4:14-3(f) as amended effective September 1, 1996, prohibits communication between deponent and counsel during the course of deposition except with the regard to the specific instances set forth in the rule. One of the *997 reasons for the prohibition is to permit the examination of deponent without counsel being allowed to suggest answers. Thus, the limitation on the type of objections contained in R. 4:14-3(c) is to do away with speaking objections which suggest answers to deponents.
In Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa.1993), cited by plaintiffs, the court limited discussions between counsel and the witness being deposed as follows:
Once the deposition has begun, the preparation period is over and the deposing lawyer is entitled to pursue the chosen line of inquiry without interruption by the witness's counsel. Private conferences are barred during the deposition, and the fortuitous occurrence of a coffee break, lunch break, or evening recess is no reason to change the rules. Otherwise, the same problems would persist. A clever lawyer or witness who finds that a deposition is going in an undesired or unanticipated direction could simply insist on a short recess to discuss the unanticipated yet desired answers, thereby circumventing the prohibition on private conferences. Therefore, I hold that conferences between witness and lawyer are prohibited both during the deposition and during recesses.

[150 F.R.D. at 529]
Subsequent to the Hall decision, the United States District Court for the District of Nevada had the occasion to deal with the same problem. In Re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614 (D.Nev.1998.) The United States Magistrate refused to follow Hall holding that a witness has the right to confer with his or her counsel during normal recesses that the witness or the attorney did not request.
Although Hall v. Clifton Precision, supra, was referred to in Damaj v. Farmers Ins. Co. Inc., 164 F.R.D. 559 (N.D.Okla.1995), the specific restriction dealing with consultation between attorney and witness was not dealt within that opinion.
Although this court believes that the decision of the court in Hall v. Clifton Precision is laudatory, this court does not believe that blanket restrictions should be imposed in every case. Each case must be dealt with on the basis of the individual facts presented to the court. In the present cases, the court believes that the following restrictions should apply to the depositions of the defendant directors: once the deposition commences there should be no discussions between counsel and the witness, even during recesses, including lunch recess, until the deposition concludes that day. However, at the conclusion of the daily deposition, counsel and the witness should be permitted to confer and to prepare for the next day's deposition.
Plaintiffs also urge that they be permitted to identify conversations which counsel had with the witness, which refreshed the witness' recollection in preparing for their depositions. Implicated in this request is a challenge to the applicability of the attorneyclient privilege. Although it may be appropriate to question the witness as to whether or not he had discussion with counsel in preparation of the witness's testimony, the nature of those conversations is protected by the privilege. If a witness changes his deposition testimony after consultation with counsel, then a different question may be presented. However, this court will await a specific situation before deciding whether the privilege should be disallowed. These discussions between counsel and the witness being disposed are to be distinguished from the discussions between counsel and the witness which led to the directors decision to reject plaintiffs' demand.
Any documents that the witness uses to refresh the witness' recollection, either in preparation for the deposition or during the deposition, must be produced. The fact that the document may have been turned over to plaintiffs' counsel in discovery is immaterial. The actual document that the witness used to refresh the witness's recollection is the document that counsel is entitled to see.
OBJECTIONS AS TO FORM
R. 4:14-3(c) provides in part
An objection to the form of the question shall include a statement by the objector as to why the form is objectionable so as to *998 allow the interrogator to amend the question. (emphasis added)
The language of the rule is clear. The argument by defendants that plaintiffs have somehow waived their right to compel defendants' counsel to comply with the rule merely because plaintiffs offered to let defendants' counsel have a standing objection as to form or did not ask defendants' counsel to state the reason for the objection is rejected. The provisions in the rule are mandatory and must be complied with by counsel when making an objection as to form.

COSTS
Plaintiffs have requested that the expense of the redeposition of Pflaltz and Weston, including reasonable attorneys' fees be shifted to defendants. The court will hold this in abeyance pending the conclusions of the redeposition in order to determine whether and how much, if any, of the costs of the redepositions should be shifted to defendants.