Arthur J. HALL, Plaintiff,

v.

**CLIFTON PRECISION, A DIVISION OF LITTON SYSTEMS, INC.**

**Civ. A. No. 92–5947.**

United States District Court,
E.D. Pennsylvania.

July 29, 1993.

Robert F. Stewart, Philadelphia, PA, for defendant.

Joel W. Todd, Philadelphia, PA, for plaintiff.

## OPINION

GAWTHROP, District Judge.

Currently at bar is an issue on which, despite its presence in nearly every case brought under the Federal Rules of Civil Procedure, there is not a lot of caselaw: the conduct of lawyers at depositions. More specifically, the questions before the court are (1) to what extent may a lawyer confer with a client, off the record and outside earshot of the other lawyers, during a deposition of the client, and (2) does a lawyer have the right to inspect, before the deposition of a client begins, all documents which opposing counsel intends to show the client during the deposition, so that the lawyer can review them with the client before the deposition?

In this case, Robert F. Stewart, Esquire, counsel for defendant, noticed the deposition of the plaintiff, Arthur J. Hall. Before the deposition began, Mr. Hall's counsel, Joel W. Todd, Esquire, asked Mr. Stewart for a copy of each document which Mr. Stewart intended to show Mr. Hall during the deposition so that he could review the documents with Mr.

Hall before the deposition began. Mr. Stewart declined to produce the documents.

At the beginning of the deposition, Mr. Stewart described the deposition process to Mr. Hall. During that description, he told Mr. Hall, "[c]ertainly ask me to clarify any question that you do not understand. Or if you have any difficulty understanding my questions, I'll be happy to try to rephrase them to make it possible for you to be able to answer them." Deposition of Arthur J. Hall, at 5–6. Mr. Todd then interjected, "Mr. Hall, at any time if you want to stop and talk to me, all you have to do is indicate that to me." Id. at 6. Mr. Stewart then stated his position: "[t]his witness is here to give testimony, to be answering my questions, and not to have conferences with counsel in order to aid him in developing his responses to my questions." Id.

During the brief, unfinished deposition, there were two interruptions. The first occurred when, according to Mr. Todd, Mr. Hall wished to confer with him about the meaning of the word "document." Nevertheless, when the deposition resumed, Mr. Hall asked Mr. Stewart about the meaning of "document." Id. at 9–10. The second interruption occurred when Mr. Stewart showed a document to Mr. Hall and began to ask him a question about it. Before Mr. Stewart finished his question about the document, Mr. Todd said, "I've got to review it with my client." Id. at 18. Mr. Stewart stated his objection "to Mr. Todd reviewing with his client documents that Mr. Hall is about to be questioned on in this deposition." Id. The parties then contacted the court, which ordered that the deposition be adjourned until the question of attorney-client discussion during the deposition could be resolved. That afternoon, the court held a conference with both counsel about their conduct at the deposition. At the conference, Mr. Todd asserted that an attorney and client have the right to confer with one another at any time during the taking of the client's deposition. At the end of the conference, the court requested counsel to submit letter briefs on the issue, which they have done.

The Federal Rules of Civil Procedure give the court control over the discovery process.

Rule 26(f) authorizes the court, after a discovery conference, to enter an order "setting limitations on discovery" and "determining other such matters ... as are necessary for the proper management of discovery." Such a conference may be called by the court itself or upon a motion by one of the.parties. The Advisory Committee Notes point out that Subdivision (f) was added to Rule 26 in 1980 because the Committee believed that discovery "abuse can best be prevented by intervention by the court as soon as abuse is threatened."

Rule 30 governs oral depositions. Rule 30(c) states: "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial." Rule 30(d) gives the court the power to terminate or limit the scope of a deposition "on motion of a party" if the court finds that the deposition is being conducted in "bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party." All phases of the examination are subject to the control of the court, which has discretion to make any orders necessary to prevent the abuse of the discovery and deposition process. *See,* 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2113, 2116 (1971).

Rules 37(a)(2) and 37(a)(3) permit a party to seek, and the court to grant, an order which compels a deponent to respond to a question or to give a less evasive or more complete response.

Taken together, Rules 26(f), 30, and 37(a), along with Rule 16, which gives the court control over pre-trial case management, vest the court with broad authority and discretion to control discovery, including the conduct of depositions.[1] It is pursuant to that authority and discretion that I enter this Opinion and Order.

1. Plaintiff's counsel argues that since the Rule 30(d) says "on motion of a party," the court is powerless to act absent such a motion. This argument is specious; the Federal Rules of Civil Procedure, and their overseers, the judiciary, are not so passively impotent.

2. *See, e.g., In re Braniff, Inc.,* Nos. 89–03325–BKC–6C1, 92–911, 1992 WL 261641 (Bankr. M.D.Fla. Oct. 2, 1992); *RTC v. KPMG Peat Marwick,* Civ.A. No. 92–1373, 1992 WL 245705

Plaintiff's counsel has submitted no citation, no caselaw, in support of his argument that an attorney and client may confer at their pleasure during the client's deposition. On the other hand, defendant has submitted orders from numerous courts holding that such conversations are not allowed.[2] Those courts have held that private conferences between deponents and their attorneys during the taking of a deposition are improper unless the conferences are for the purpose of determining whether a privilege should be asserted.

The United States District Court for the Eastern District of New York has adopted a similar view in a standing order: "[a]n attorney for a deponent shall not initiate a private conference with the deponent during the actual taking of a deposition, except for the purpose of determining whether a privilege should be asserted." *Standing Orders of the Court on Effective Discovery in Civil Cases,* 102 F.R.D. 339, 351, no. 13 (E.D.N.Y.1984). In combination with another standing order which prohibits "[o]bjections in the presence of the witness which are used to suggest an answer to the witness," *id.* at 351, no. 12, the judges of that district have attempted to insure that the testimony taken during a deposition is completely that of the deponent, rather than a version of that testimony which has been edited or glossed by the deponent's lawyer.

The Eastern District of New York's standing order is silent on the question of a client-deponent's initiating a private conference with his or her attorney. However, the orders in *Braniff, RTC, Domestic Air,* and *San Juan* prohibit all conferences except those discussing a privilege, regardless of who initiates them. The *Rhode Island* and *Asbestos* courts prohibited all conferences, regardless of their subject or initiator.

(E.D.Pa. Sept. 19, 1992); *In re Domestic Air Transp. Antitrust Litig.,* 1992–1 Trade Cases ¶ 69,731, 1990 WL 358009 (N.D.Ga. Dec. 21, 1990); *In re San Juan DuPont Plaza Hotel Fire Litig.,* No. MDL 721, 1989 WL 168401 (D.P.R. Dec. 2, 1989); *In re Rhode Island Asbestos Cases;* R.I.M.L. No. 1 (D.R.I. March 15, 1982); *In re Asbestos–Related Litig.,* No. CP–81–1 (E.D.N.C. Sept. 15, 1981).

One of the purposes of the discovery rules in general, and the deposition rules in particular, is to elicit the facts of a case before trial. Another purpose is to even the playing field somewhat by allowing all parties access to the same information, thereby tending to prevent trial by surprise. Depositions serve another purpose as well: the memorialization, the freezing, of a witness's testimony at an early stage of the proceedings, before that witness's recollection of the events at issue either has faded or has been altered by intervening events, other discovery, or the helpful suggestions of lawyers.

■ The underlying purpose of a deposition is to find out what a witness saw, heard, or did—what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer,[3] and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness—not the lawyer—who is the witness. As an advocate, the lawyer is free to frame those facts in a manner favorable to the client, and also to make favorable and creative arguments of law. But the lawyer is not entitled to be creative with the facts. Rather, a lawyer must accept the facts as they develop. Therefore, I hold that a lawyer and client do not have an absolute right to confer during the course of the client's deposition.

■ Concern has been expressed as to the client's right to counsel and to due process. A lawyer, of course, has the right, if not the duty,[4] to prepare a client for a deposition. But once a deposition begins, the right to counsel is somewhat tempered by the underlying goal of our discovery rules: getting to the truth. Under Rule 30(c), depositions generally are to be conducted under the same testimonial rules as are trials. During a civil trial, a witness and his or her lawyer are not permitted to confer at their pleasure during the witness's testimony.[5] Once a witness has been prepared and has taken the stand, that witness is on his or her own.

The same is true at a deposition. The fact that there is no judge in the room to prevent private conferences does not mean that such conferences should or may occur. The underlying reason for preventing private conferences is still present: they tend, at the very least, to give the appearance of obstructing the truth.

■ These considerations apply also to conferences initiated by the witness, as opposed to the witness's lawyer. To allow private conferences initiated by the witness would be to allow the witness to listen to the question, ask his or her lawyer for the answer, and then parrot the lawyer's response. Again, this is not what depositions are all about—or, at least, it is not what they are supposed to be all about. If the witness does not understand the question, or needs some language further defined or some documents

---

3. I note that under Rule 32(d)(3)(A), objections to the competency, relevancy, or materiality of deposition testimony generally are preserved for trial. Therefore, counsel should not repeatedly interrupt the deposition to make these objections. Of course, the witness's counsel is free to object on the ground that a question asks for an answer which is protected by a privilege, and to make objections which would be waived if not raised immediately. *See,* Fed.R.Civ.P. 32(d)(3)(B).

4. "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation necessary for the representation." Pennsylvania Rule of Professional Conduct 1.1.

5. Lawyers, of course, do not often attempt to interrupt the questioning of their clients at trial to have private conferences, probably because they think that doing so would tend to diminish the witness-client's credibility. Some district courts have ordered lawyers and witness-clients not to confer even during lunch and overnight breaks in the witness-client's testimony. In *Aiello v. City of Wilmington,* 623 F.2d 845, 858–59 (3d Cir.1980), the district court, because of its concern over "witness coaching," ordered the plaintiff and his counsel not to communicate during breaks in the plaintiff's cross-examination. The Third Circuit did not decide, and to this court's knowledge still has not decided, whether such an order might violate the right to counsel.

further explained, the witness can ask the deposing lawyer to clarify or further explain the question.[6] After all, the lawyer who asked the question is in a better position to explain the question than is the witness's own lawyer. There is simply no qualitative distinction between private conferences initiated by a lawyer and those initiated by a witness. Neither should occur.

■ These rules also apply during recesses. Once the deposition has begun, the preparation period is over and the deposing lawyer is entitled to pursue the chosen line of inquiry without interjection by the witness's counsel. Private conferences are barred during the deposition, and the fortuitous occurrence of a coffee break, lunch break, or evening recess is no reason to change the rules. Otherwise, the same problems would persist. A clever lawyer or witness who finds that a deposition is going in an undesired or unanticipated direction could simply insist on a short recess to discuss the unanticipated yet desired answers, thereby circumventing the prohibition on private conferences. Therefore, I hold that conferences between witness and lawyer are prohibited both during the deposition and during recesses.[7]

■ The same reasoning applies to conferences about documents shown to the witness during the deposition. When the deposing attorney presents a document to a witness at a deposition, that attorney is entitled to have the witness, and the witness alone, answer questions about the document. The witness's lawyer should be given a copy of the document for his or her own inspection, but there is no valid reason why the lawyer and the witness should have to confer about the document before the witness answers questions about it.[8] If the witness does not recall having seen the document before or does not understand the document, the witness may ask the deposing lawyer for some additional information, or the witness may simply testify to the lack of knowledge or understanding. But there need not be an off-the-record conference between witness and lawyer in order to ascertain whether the witness understands the document or a pending question about the document.

■ As mentioned above, the majority of federal courts which have issued deposition guidelines have held that a private conference between witness and attorney is permissible if the purpose of the conference is to decide whether to assert a privilege. With this exception I agree. Since the assertion of a privilege is a proper, and very important, objection during a deposition, it makes sense to allow the witness the opportunity to consult with counsel about whether to assert a privilege. Further, privileges are violated not only by the admission of privileged evidence at trial, but by the very disclosures themselves. Thus, it is important that the witness be fully informed of his or her rights before making a statement which might re-

6. At the beginning of the deposition, the deposing lawyer should explain to the witness, as did Mr. Stewart here, that the witness should feel free to ask for clarification at any time during the deposition.

7. To the extent that such conferences do occur, in violation of this Opinion and Order, I am of the view that these conferences are not covered by the attorney-client privilege, at least as to what is said by the lawyer to the witness. Therefore, any such conferences are fair game for inquiry by the deposing attorney to ascertain whether there has been any coaching and, if so, what.

8. This approach is consistent with Federal Rule of Evidence 613(a), which provides: "[i]n examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel." The Advisory Committee Notes observe that "[t]he provision for disclosure to counsel is designed to protect against unwarranted insinuations that a statement has been made when the fact is to the contrary." Thus, the requirement that counsel be shown the document exists only to assure counsel that the document actually exists, not to allow counsel to prepare the witness to testify about it.

Rule 613(a) is contrary to the rule in *Queen Caroline's Case*, 129 Eng.Rep. 976 (1820). In that case, English judges advised that, before being cross-examined about a document, a witness must be shown the document and given the opportunity to read the relevant portion. The rule proved so obstructive that it was abolished by Parliament in 1854. 17 & 18 Vict., ch. 125, § 24 (1854) (Eng.). *See*, John W. Strong et al., 1 McCormick on Evidence § 28 (4th ed. 1992).

veal privileged information. However, when such a conference occurs, the conferring attorney should place on the record the fact that the conference occurred, the subject of the conference, and the decision reached as to whether to assert a privilege.

■ Having discussed off-the-record witness-coaching, I now turn to a related concern: on-the-record witness-coaching through suggestive objections. Without guidelines on suggestive objections, the spirit of the prohibition against private conferences could be flouted by a lawyer's making of lengthy objections which contain information suggestive of an answer to a pending question. The Supreme Court has recently addressed the issue of suggestive objections in the Proposed Amendments to the Federal Rules of Civil Procedure and Forms, H.R.Doc. No. 74, 103rd Cong., 1st Sess., at 50–52 (Apr. 22, 1993). Proposed Amended Rule 30(d) reads:

(1) Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to paragraph (3).[9]

(2) By order or local rule, the court may limit the time permitted for the conduct of a deposition, but shall allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another party impedes or delays the examination. If the court finds such an impediment, delay, or other conduct that has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

The Committee Notes following the proposed amended rule contain the following observations:

Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond.... [O]bjections ... should be limited to those that under Rule 32(d)(3) might be waived if not made at that time.... [O]ther objections can ... be raised for the first time at trial and therefore should be kept at a minimum during a deposition.

Directions to a deponent not to answer a question can be even more disruptive than objections....

In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. The making of an excessive number of objections may itself constitute sanctionable conduct.

Proposed Amendments, H.R.Doc. No. 74, at 261–63.

■ The proposed amendments and committee notes aptly observe that objections and colloquy by lawyers tend to disrupt the question-and-answer rhythm of a deposition and obstruct the witness's testimony. Since most objections, such as those grounded on relevance or materiality, are preserved for trial, they need not be made.[10] As for those few objections which would be waived if not made immediately, they should be stated pithily. *See*, Fed.R.Civ.P. 32(d)(3).

■ The Federal Rules of Evidence contain no provision allowing lawyers to interrupt the trial testimony of a witness to make a statement. Such behavior should likewise be prohibited at depositions, since it tends to obstruct the taking of the witness's testimo-

---

9. Paragraph (3) is substantially similar to the current Rule 30(d), which governs motions to terminate or limit examination because of bad faith, unreasonableness, annoyance, embarrassment, or oppression.

10. I also note that a favorite objection or interjection of lawyers is, "I don't understand the question; therefore the witness doesn't understand the question." This is not a proper objec-

tion. If the witness needs clarification, the witness may ask the deposing lawyer for clarification. A lawyer's purported lack of understanding is not a proper reason to interrupt a deposition. In addition, counsel are not permitted to state on the record their interpretations of questions, since those interpretations are irrelevant and often suggestive of a particularly desired answer.

ny. It should go without saying that lawyers are strictly prohibited from making any comments, either on or off the record, which might suggest or limit a witness's answer to an unobjectionable question.

In short, depositions are to be limited to what they were and are intended to be: question-and-answer sessions between a lawyer and a witness aimed at uncovering the facts in a lawsuit. When a deposition becomes something other than that because of the strategic interruptions, suggestions, statements, and arguments of counsel, it not only becomes unnecessarily long, but it ceases to serve the purpose of the Federal Rules of Civil Procedure: to find and fix[11] the truth.

Depositions are the factual battleground where the vast majority of litigation actually takes place. It may safely be said that Rule 30 has spawned a veritable cottage industry. The significance of depositions has grown geometrically over the years to the point where their pervasiveness now dwarfs both the time spent and the facts learned at the actual trial—assuming there is a trial, which there usually is not.[12] The pretrial tail now wags the trial dog. Thus, it is particularly important that this discovery device not be abused. Counsel should never forget that even though the deposition may be taking place far from a real courtroom, with no black-robed overseer peering down upon them, as long as the deposition is conducted under the caption of this court and proceeding under the authority of the rules of this court, counsel are operating as officers of this court. They should comport themselves accordingly; should they be tempted to stray, they should remember that this judge is but a phone call away.

An Order containing guidelines for the conduct of the depositions of parties and other witnesses represented by counsel in this case follows.

ORDER

AND NOW, this 29th day of July, 1993, upon consideration of the oral arguments and letter briefs of the parties regarding the dispute over the conduct of counsel at depositions, it is ORDERED that the following guidelines for discovery depositions are hereby imposed:

1. At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

2. All objections, except those which would be waived if not made at the deposition under Federal Rules of Civil Procedure 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Federal Rules of Civil Procedure 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.

3. Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

4. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

5. Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or

---

11. "Fix" in the sense of firmly stabilizing (such as a photographic image), rather than bending or muting the record to make it more factually comfy—as in to "fix" a prize fight, or a jury.

12. From October 1, 1991, to September 30, 1992, 8,771 civil cases terminated in this judicial district. Of those, only 337, or 3.8%, actually went to trial. Annual Report of the Director of the Administrative Office of the United States Courts—1992, at Table C 4A. The reality is that what is learned at depositions becomes the factual basis upon which most cases are disposed of—not by trial, but by settlement. Thus, if those "facts" get skewed, the risk is grave that so also will the quality of justice.

recesses, except for the purpose of deciding whether to assert a privilege.

6. Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

7. Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

8. Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

9. Depositions shall otherwise be conducted in compliance with the Opinion which accompanies this Order.