**McKINLEY INFUSER, INC., a Colorado corporation, McKinley Medical L.L.L.P., a Colorado limited liability limited partnership, and McKinley, Inc., a Colorado corporation, Plaintiffs/Counterdefendants,**

v.

**Brian D. ZDEB, an individual, Prime Medical Products, Inc., an Illinois corporation, and Prime Medical Products, Inc., a Nevada corporation, Defendants/Counterplaintiffs,**

**BI Capital, Ltd., a Colorado corporation, Counterclaim Defendant.**

**CIV.A. No. 99–S–1178.**

United States District Court, D. Colorado.

June 7, 2001.

Ann B. Frick, John D. Martin, Jacobs, Chase, Frick, Kleinkopf & Kelley LLC, Denver, CO, Dominic P. Zanfardino, Christopher Allen Harkins, David A. Anderson, Rodney A. Daniel, Brinks, Hofer, Gilson & Lione, PC, Chicago, IL, for plaintiffs.

Charles Goldberg, Joel A. Glover, Rothgerber, Johnson & Lyons, LLP, Denver, CO, for defendants.

## ORDER

BOLAND, United States Magistrate Judge.

This *matter is before me on the plaintiffs'* **Amended Verified Motion for Protective Order** (the "Amended Motion for Protective Order"), filed May 24, 2001.[1] The Amended Motion for Protective Order requests that I enter an order either prohibiting the defendants from questioning Brian Zdeb or imposing as conditions to such questioning the following restrictions:

1. That no transcript of Mr. Zdeb's deposition by plaintiffs counsel be issued until after the defendants question him;

2. That Mr. Zdeb's counsel be prohibited from "coaching" Mr. Zdeb "in any way;"

3. That any documents reviewed by Mr. Zdeb in anticipation of questioning by the defendants be provided to the plaintiffs prior to or at the beginning of that questioning;

4. That plaintiffs' counsel be permitted "to inquire about the details of the deposition preparation engaged in by Mr. Zdeb with his counsel in preparation for" the questioning by the defendants;

5. That Mr. Zdeb's counsel be required to certify in writing that they have not reviewed previous deposition questions and answers with Mr. Zdeb or otherwise coached him for the questioning by the defendants; and

6. That Mr. Zdeb pay all costs associated with the questioning by the defendants, including travel costs.

The Amended Motion for Protective Order is DENIED.

The plaintiffs have deposed Mr. Zdeb for four days, the most recent session being held on May 17–18, 2001. During that examination, defense counsel indicated an intention to question Mr. Zdeb (one of his clients) at the conclusion of the plaintiffs' questioning. The plaintiffs finished their examination at 5:25 p.m. on May 18, 2001. Defendants' counsel declined to begin his examination at that time, and the parties have agreed to resume

Mr. Zdeb's deposition, for the purpose of questioning by defense counsel, on June 12, 2001.

■ The plaintiffs argue that the defendants should not be allowed to question Mr. Zdeb at all, stating:

> Zdeb and his counsel are likely concerned that unless Zdeb's deposition is altered or reframed, summary judgment may be entered. If the concern is merely that there are mistakes in the transcript, Mr. Zdeb may correct them with the use of the errata sheets. Zdeb's counsel has ordered a transcript of the May 17 and 18 questioning, thus underscoring the fear that Zdeb will be coached regarding certain questions. Allowing Zdeb's counsel to depose his own client for nearly a day almost a month after opposing counsel concluded her questioning subverts the truth finding purpose of the discovery process.

Amended Motion for Protective Order, at pp. 8–9. In addition, the plaintiffs rely primarily on *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa.1993), in support of the Amended Motion. The court in *Hall* imposed a number of restrictions on the deponent and his lawyer, including a restriction that "[c]ounsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege." The court articulated its rationale for the restrictions as follows:

> The underlying purpose of a deposition is to find out what a witness saw, heard, or did—what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the

---

1. Approximately four hours before filing the motion at issue here, the plaintiffs filed a Verified Motion for Protective Order. The original motion deals with the same subject as the Amended Motion. Consequently, the original Verified Motion for Protective Order is DENIED AS MOOT.

witness—not the lawyer—who is the witness. As an advocate, the lawyer is free to frame those facts in a manner favorable to the client, and also to make favorable arguments of law. But the lawyer is not entitled to be creative with the facts.

*Id.* at 528 (footnotes omitted).

The *Hall* case has met with substantial, and I believe justified, criticism. Most notably, in *In re Stratosphere Corp. Securities Litigation,* 182 F.R.D. 614, 621 (D.Nev.1998), the court rejected the approach taken in *Hall,* finding that "*Hall* goes too far in its solution." The *Stratosphere* court took a different approach, imposing the following limitations:

> When there is a question pending neither the deponent nor his or her counsel may initiate the interruption of the proceeding to confer about the· question, the answer, or about any document that is being examined, except to assert a claim of privilege (conform to a court order or seek a protective order). If the deponent does not understand the question, or the meaning of a word or phrase, or even if the deponent has a question about a document, he or she should ask the questioning attorney.
>
> \* \* \* \* \* \*
>
> The right to prepare a witness [which the *Hall* court recognized] is not different be-·fore the questions begin than it is during (or after, since a witness may be recalled for rebuttal, etc., during trial). What this Court, and the Federal Rules of Civil Procedure seek to prevent is coaching the witness by telling the witness what to say or how to answer a specific question.

*Id. Accord Odone v. Croda Int'l PLC,* 170 F.R.D. 66, 68 (D.D.C.1997)(distinguishing *Hall* because the consultation between lawyer and witness took place after the questioning by opposing counsel and before the questioning by the witness' own lawyer, and refusing to apply the "litany of deposition restrictions and prohibitions it outlines"); *State v. King,* 205 W.Va. 708, 520 S.E.2d 875, 881 (1999)(holding that "the approach taken in *Stratosphere* is the more logical and fair approach. An attorney should be able · to ensure that his or her client did not misunderstand or misinterpret a question or a document").

The approach taken in *In re Stratosphere* is consistent with the local rules of this district. Rule 30.1C, D.C.COLO.LR, states in relevant part:

> A. The following abusive deposition conduct is prohibited:
>
> 1. Objections or statements which have the effect of coaching the witness, instructing the witness concerning the way in which he or she should frame a response, or suggesting an answer to the witness.
>
> 2. Interrupting examination for an off-the-record conference between counsel and the witness, except for the purpose of determining whether to assert a privilege. Any off-the-record conference during a recess may be a subject for inquiry by opposing counsel, to the extent it is not privileged.

The relief requested by the plaintiffs here is particularly inappropriate. It would have the effect of barring Mr. Zdeb from conferring with his counsel for the entire period between the ˙sessions of his deposition, in this case several weeks. Taken to its logical extreme, the plaintiffs' argument would bar consultation between a party and his lawyer from the time of his deposition through trial, because there might be "coaching" which would cause a party-witness to alter his deposition testimony at trial. That result is absurd.

■ I agree with the reasoning of *In re Stratosphere* and our local rule 30.1C that the truth finding function is adequately protected if deponents are prohibited from conferring with their counsel while a question is pending; other consultations, during periodic deposition breaks, luncheon and overnight recesses, and more prolonged recesses ordinarily are appropriate. *In re Stratosphere,* 182 F.R.D. at 621.

The plaintiffs' concern seems to be that Mr. Zdeb will in some manner alter his previous testimony when responding to questions by defense counsel, making the record less advantageous for the plaintiffs and possibly raising disputed issues of fact which may preclude the entry of summary judg-

ment. Fact-finding is a two-way street, however, and each party must be allowed to develop the facts of the case in any appropriate manner. If Mr. Zdeb is not permitted to present his side of the facts through deposition testimony elicited by his lawyer, and instead is limited to responding by an affidavit to allegedly undisputed material facts presented in the plaintiffs' motion for summary judgment, he runs the risk that the plaintiffs may seek to strike the affidavit as "an attempt to create a sham fact issue." *See Kendrick v. Penske Transportation Services, Inc.*, 220 F.3d 1220, 1223 n. 2 (10th Cir.2000)(quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986)). By contrast, allowing Mr. Zdeb to be examined by his own counsel will permit him to clear up legitimate misunderstandings, if there are any; to supply complete information in areas where the examination by the plaintiffs was not complete; and to provide facts which the questioning by plaintiffs did not elicit at all. In this regard, it is significant that the cases barring consideration of affidavits which create sham issues of fact expressly recognize the right of a party to be cross-examined by his own lawyer during a deposition. In *Franks v. Nimmo*, for example, the court stated:

> Factors relevant to the existence of a sham fact issue include *whether the affiant was cross-examined during his earlier testimony*, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain.

796 F.2d at 1237 (emphasis added).

Thus, permitting Mr. Zdeb and the defendants to develop the facts by way of deposition examination may be preferable because it allows plaintiffs' counsel the opportunity to cross-examine on the issues raised during the defendants' questioning. Nor is there any inherent impropriety in the possibility that the questioning of Mr. Zdeb by his own

**2.** Mr. Zdeb, of course, will be under oath to tell the truth during the questioning by his own law-

lawyer may elicit evidence of disputed issues of fact precluding the entry of summary judgment. Rule 56(c), Fed. R. Civ. P., expressly recognizes that all parties may submit "depositions" to demonstrate the existence or absence of fact issues affecting summary judgment.[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(the party opposing summary judgment, upon an adequate showing by his opponent, is required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial).

For these reasons, IT IS ORDERED that the Amended Motion for Protective Order is DENIED.

IT IS FURTHER ORDERED that the Verified Motion for Protective Order is DENIED AS MOOT.