UNITED STATES of America, Plaintiff,

v.

PHILIP MORRIS INCORPORATED,
et al., Defendants.

No. Civil Action No. 99–2496(GK).

United States District Court,
District of Columbia.

May 17, 2002.

### MEMORANDUM OPINION

KESSLER, District Judge.

On April 9, 2002, the Special Master issued Report and Recommendation # 43 ("R & R # 43"), recommending certain guidelines for the conduct of depositions as well as an amendment to Order # 51. In response to the United States' Motion for Protective Order to Prohibit Inappropriate Conduct by Joint Defendants During Depositions, the Special Master recommended denying the Motion as to all Joint Defendants other than Brown & Williamson, because of Plaintiff's failure to satisfy the procedural requirements to meet and confer set forth in LCvR 7.1(m), Fed.R.Civ.P. 26(c), and in Order # 51. As to Defendant Brown & Williamson, the Special Master recommended granting much of the relief requested by Plaintiff.[1] In particular, he recommended that the Court adopt the five Proposed Guidelines set forth on pages 27–28 of his R & R.

---

1. The Special Master correctly noted in footnote 27 that although his Report and Recommendation "literally is limited to Plaintiff and Brown & Williamson, the specificity of this Report and Recommendation, if adopted by the Court, should serve as highly persuasive guidance to all parties in this litigation." R & R # 43, at n. 27.

Both the Government and Brown & Williamson have filed partial objections to R & R # 43, although they object for very different reasons.

### 1. Government's Notice of Partial Objection

The Government objects to that portion of the R & R, at page 9, which sets out a briefing schedule for "the issue of whether sanctions should be awarded for the asserted failure to comply with LCvR 7.1(m) and Fed. R.Civ.P. 26(c)." The Special Master also invited all the non-Brown & Williamson Joint Defendants that filed an Opposition to Plaintiff's Motion to submit affidavits reflecting the expenses incurred in filing their memoranda. The Government maintains that its reason for requesting relief in its motion against all Joint Defendants, rather than just against Brown & Williamson, was based on a misunderstanding of what was being requested by the Special Master in an emergency telephonic hearing. The Government concedes that it "misapprehended the scope of relief that the Special Master contemplated the written briefs would cover, and we apologize for our mistake," U.S. Notice of Partial Obj. to R & R # 43, at 6.

There is no useful purpose to be served in proceeding with sanctions briefing and hearing. The Government has acknowledged its error and has formally apologized. The parties, the Special Master, and the Court have more than enough substantive issues for briefing and decision. Much remains to be done to keep this case on schedule for the filing of dispositive, *Daubert*, and *in limine* motions, to say nothing of pre-trial and trial preparations. The Parties' energies can be more productively used. For that reason, the Court concludes that the United States'

Notice of Partial Objection to Report and Recommendation # 43 is **sustained**.[2]

### 2. Joint Defendants' Notice of Partial Objection

Defendant Brown & Williamson objects to the Special Master's Proposed Guideline # 5 which reads as follows:

5. Counsel shall be prohibited from consulting with their clients during breaks in the deposition regarding the subject matter of the deposition.[3]

Defendant argues that the restriction on lawyer-client conferences—defined as "the subject matter of the deposition"—is so broad, if extended to overnight or longer recesses, that it infringes on the attorney-client relationship. The issue raised by Defendant is a significant one that will certainly arise in the course of the coming months as counsel continue their depositions of fact and expert witnesses.

First, it should be noted that there is a paucity of governing case law in this area. The D.C. Circuit has not spoken on the issue, so far as this Court could find, and the briefs offer no such authority. The two Supreme Court cases relied on by Defendant—*Perry v. Leeke,* 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989), and *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976)—while appearing to be relevant at first glance turn out upon more careful analysis, to provide little or no guidance. They are both criminal cases and therefore raise Constitutional issues under the Sixth Amendment that are obviously not present in this case. In addition, and perhaps of even greater significance, is the fact that they both concern appropriate restrictions to be imposed on attorney-client consultations during the trial of a case while the individual client-defendant is testifying. Here we are

---

2. The Court's ruling on this issue should not be misinterpreted. Insofar as sanctions are, at any time, appropriate and justified, there should be no hesitancy to seek them by the parties and recommend imposition by the Special Master. The Court is also well aware that there have been a number of instances of failure to meet and confer by the Government (see R & R # 20 adopted in Order # 90, and R & R # 22 adopted in Order # 97), as well as numerous complaints by various Joint Defendants about this problem.

3. It would appear that the United States does not object to two changes proposed by Brown & Williamson—namely, that the prohibition apply to all deponents and/or witnesses, and that there be an exception while a question is pending for consultation to ascertain whether a privilege should be asserted.

concerned with appropriate restrictions to be imposed on attorney-client consultations during discovery proceedings—which are very different from trial proceedings—and the individual witness may or may not be the client of the defending attorney. Given those very significant differences, the Court does not find the analysis and policy concerns set forth in *Leeke* and *Geders* to be of use.

Second, the Fifth Circuit, in *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1117 (5th Cir.1980), *cert. den.*, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980), noted that the "existence of such a right [to retain counsel in civil litigation] has, indeed, been generally assumed in the American legal system." Finding that "the Supreme Court has indicated in its criminal decisions that the right to retain counsel in civil litigation is implicit in the concept of fifth amendment due process," *id.* (internal citations omitted), the Fifth Circuit went on to conclude that "the right to counsel is one of constitutional dimensions and should thus be freely exercised without impingement," *id.* at 1118.

While this Court need not decide the Constitutional issue, there are clearly constitutional overtones and concerns about any interference with or limitation on the ability of counsel to confer with her witnesses (whether client or not), to strategize about the case (if the witness is the client), and to provide day-to-day commercial advice (if, for example, the witness is a commercial client). *See Geders*, 425 U.S. at 88, 96 S.Ct. 1330. That is a particular concern where, as here, depositions may exceed the presumptive 7 hours under Fed.R.Civ.P. 30(d)(2) and Order # 51, and may well be continued over a lengthy period of time because of the demanding deposition schedules of all counsel involved in this case. Finally, the very term "subject matter of the deposition" can be problematic. The term may be construed broadly or narrowly, and may induce lawyers to err on the side of caution and non-consultation to the possible detriment of their clients' interests. For these reasons, the Court cannot agree that a total prohibition on consultations with the witness during any and all interruptions in the deposition—no matter how long—regarding its subject matter is warranted.

■ It's true that, in general, a deponent and the deponent's attorney have no absolute right to confer during a deposition in a civil proceeding, except for the purpose of determining whether a privilege shall be asserted. This general prohibition may extend to communications occurring during breaks, lunch, or even overnight, if a deposition lasts for longer than a day. *See, e.g., Hall v. Clifton Precision*, 150 F.R.D. 525, 529 (E.D.Pa.1993); *Morales v. Zondo*, 204 F.R.D. 50 (S.D.N.Y. 2001); James Wm. Moore *et al.*, Moore's Federal Practice ¶ 30.42[2] (3d ed.1997).

■ However, there is by no means a categorical prohibition on communications once a deposition has commenced. *Odone v. Croda·Int'l PLC*, 170 F.R.D. 66, 68 (D.D.C. 1997). Indeed, the extent to which a court may limit communications between a deponent and her attorney during the course of a deposition requires a balancing of several countervailing factors, including the deponent's right to counsel, the importance of ensuring that depositions are free from impermissible coaching and reflect true and accurate testimony, and the practical necessity of permitting the free flow of communications between clients and their counsel on a day-to-day basis. In view of these competing considerations, and the entire record in this case, the Court concludes that such a prohibition is appropriate and customary during the actual deposition. By the same token, such a prohibition is appropriate if there is no temporal interruption and the deposition is continued on a day-to-day basis with no intervening passage of time. However, because of the concerns expressed, the Court deems it inappropriate to impose an absolute prohibition on communications between counsel and a witness when depositions of that witness cannot be held on consecutive days.[4]

Consequently, Proposed Guideline # 5 shall be modified accordingly and Defendant Brown & Williamson's Notice of Partial Ob-

---

**4.** The Court will expect counsel to do their best to schedule depositions of witnesses on consecu-

tive days.

jection to Report and Recommendation # 43 will be **sustained.**