**Rodney Joe BIRDINE,**

v.

**CITY OF COATESVILLE, et al.**

**No. CIV.A.03–5569.**

United States District Court, E.D. Pennsylvania.

Aug. 11, 2004.

---

158

J. Michael Considine, Jr., West Chester, PA, for Plaintiff.

David J. MacMain, Janelle E. Fulton, Montgomery McCracken Walker & Rhoads, LLP Philadelphia, PA, for Defendants.

## ORDER

DALZELL, District Judge.

AND NOW, this 11th day of August, 2004, upon consideration of plaintiff's motion to instruct defense counsel about proper deposition conduct (docket entry # 26), the exhibits to that motion, and defendants' response to the motion, and the Court finding that:

(a) Plaintiff relies on *Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D.Pa.1993) (Gawthrop, J.), a thoughtful and instructive opinion suggesting the most collegial and efficient procedures for conducting depositions;

(b) With all regard for our late colleague, however, we believe that *Hall* goes too far in forbidding an attorney who defends a deposition (a "defending attorney") from making most objections and from instructing the witness not to answer an objectionable question;

(c) On the other hand, we fully agree with Judge Gawthrop that a defending attorney's objections should be "succinct and verbally economical, stating the basis of the objection and nothing more," *id.* at 531;

(d) When an objection arises in the course of a deposition, the questioning attorney should explain to the defending attorney that insistence on the objection will require the questioning attorney to file a motion to compel with the Court;

(e) If the defending attorney does not withdraw the objection, the questioning attorney should then begin another line of questioning and file a motion to compel as soon as possible after the deposition has ended [1];

(f) If we ultimately overrule the objection and grant the motion to compel, we shall order the deposition to resume at the earliest time that is convenient for the questioning attorney, without sympathy for any inconvenience that this schedule might cause the defending attorney;

(g) Plaintiff has brought three examples of defense counsel's allegedly inappropriate conduct to our attention;

(h) First, before Officer Vargo could respond to a question about how long his attention was diverted, defense counsel asked for a clarification of the question, *see* Vargo Dep. at 50–52;

(i) This interjection was improper because defense counsel should have allowed the witness to answer the question or to ask for clarification for himself if he did not understand the question;

(j) Second, defense counsel instructed Officer Vargo not to answer whether they had spoken, during a brief recess, about the issues earlier raised in the deposition, *see* Vargo Dep. at 57–58;

(k) Immediately before objecting to the question and instructing Officer Vargo not to answer, defense counsel had herself conceded that plaintiff's counsel was entitled to ask "whether or not" she had spoken with Officer Vargo during the break, so her objection to a question that sought that very information was not only improper, but also puzzling;

(*l*) Third, when plaintiff's counsel asked Officer Pauling how close "Rodney c[ame] to the boy," defense counsel interjected that Officer Pauling had "already testified that within five feet was the closest that he got," *see* Pauling Dep. at 22;

(m) This statement, too, was improper because it suggested an answer to the witness; and

(n) In such a situation, defense counsel should have stated simply, "Objection. The witness has already answered that question once today," without repeating the substance of the earlier testimony;

It is hereby ORDERED that:

1. Plaintiff's motion to instruct defense counsel about proper deposition conduct is GRANTED IN PART as follows; and

2. At all future depositions, counsel shall CONDUCT themselves in accordance with this Order

---

1. It has not escaped our attention that defense counsel's conduct that plaintiff's counsel considers inappropriate took place on June 14 and 23, 2004, but he did not file the instant motion until August 2, 2004. If plaintiff had requested more than clarification of our interpretation of the Federal Rules of Civil Procedure, we would have been forced to deny his motion as untimely, even if we had determined that his complaints were well-founded, because such inordinate delay would have seriously impacted our discovery schedule.