Andrea CONSTAND, Plaintiff,

v.

William H. COSBY, Jr. Defendant.

No. Civ.A. 05–1099.

United States District Court,
E.D. Pennsylvania.

Jan. 13, 2006.

Bebe H. Kivitz, Dolores M. Troiani, Troiani/Kivitz, L.L.P., Devon, PA, for Plaintiff.

Andrew D. Schau, Patterson Belknap Webb & Tyler LLP, New York, NY, Patrick J. O'Connor, George M. Gowen, III, Cozen O'Connor, Philadelphia, PA, for Defendant.

## MEMORANDUM

ROBRENO, District Judge.

Before the Court is a motion of the Associated Press ("AP") to intervene and lift the Court's November 4, 2005 interim sealing order (doc. no. 51), which sealed the parties' motions to compel and their responses along with the attachments that contained extensive portions of the parties' depositions.

Plaintiff, Andrea Constand, brought this diversity action against defendant, William H. Cosby, Jr., asserting claims of battery, sexual assault, intentional and negligent infliction of emotional distress, defamation/defamation *per se* and false light/invasion of privacy. Plaintiff is the former Director of Operations for the Women's Basketball program at Temple University. Defendant is a

well-known entertainer and celebrity and a supporter of Temple University programs. Plaintiff met defendant while she was employed at Temple University.

The gravamen of plaintiff's complaint is that while alone with defendant at defendant's home in January 2004, defendant deceived plaintiff into ingesting a narcotic or other type of drug which caused plaintiff to become semi-conscious, and thereafter defendant sexually assaulted plaintiff. Plaintiff also contends that after she reported defendant's alleged actions to the Durham, Ontario police, defendant and/or his authorized representatives knowingly made false statements to the media about plaintiff. In connection with her allegations, plaintiff seeks an award of compensatory damages plus reasonable attorneys' fees, interest, costs, punitive damages and other unspecified relief.

At the onset of the case, the parties sought broad protective orders. Plaintiff sought to cloak from public disclosure the identities of the Jane Doe witnesses whose testimony may be admissible pursuant to Federal Rule of Evidence 415. The Court determined plaintiff had not met her burden of "good cause" as required by Federal Rule of Civil Procedure 26(c) and denied plaintiff's motion. Defendant sought to protect from public disclosure all material obtained in discovery through what essentially would be a gag order. The Court denied defendant's motion, finding that defendant had failed to connect the embarrassment he sought to prevent to any specific injury to meet the "good cause" standard. The Court also determined that a far reaching gag order was not warranted. Instead the Court adopted, as a Case Management Order to govern counsels' interaction with the media, Rule 3.6 of the Pennsylvania Rules of Professional Conduct. *See Constand v. Cosby,* 229 F.R.D. 472 (E.D.Pa. 2005).

Discovery then began with the exchange of interrogatories and requests for production, and the taking of the parties' depositions. The date, time and place and the logistics of the depositions were agreed upon by the parties. The depositions took place in private. *See Seattle Times v. Rhinehart,* 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) ("pretrial depositions ... are conducted in private as a matter of modern practice" (internal citations omitted)); *see also* Sept. 26, 2005 Tr. at 12.

During the course of discovery, several issues arose which the parties brought to the Court's attention for resolution via letter. The first involved plaintiff's August 25, 2005 letter to the Court regarding what plaintiff deemed incomplete answers to plaintiff's interrogatories and requests for production of documents. On September 12, 2005, defendant wrote to the Court concerning another dispute as to plaintiff's responses to defendant's second set of interrogatories. That same day, the Court scheduled a discovery conference, which occurred in open Court on September 26, 2005. The Court ruled on the issues from the bench.

On October 5, 2005, the Court received a letter from defense counsel requesting assistance regarding certain issues which had arisen in the course of the parties' depositions. Plaintiff, in turn, submitted a response letter on October 6, 2005. In that letter, plaintiff raised for the first time her objection to what she referred to as defendant's attempt to conduct discovery in "secrecy." Both parties sought to compel the other party to answer additional questions at deposition.

On November 4, 2005, the Court held a telephone conference to address the proper procedure by which the parties' discovery disputes regarding depositions could be resolved. The conference did not address the merits of the dispute, but was intended to afford the parties an opportunity to comment on a procedure within which the Court could evaluate the parties' conflicting arguments. *See* Nov. 4, 2005 Tr. at 2. At the end of the conference, the Court entered its November 4, 2005 interim order setting forth the procedure discussed and sealing the parties motions to compel and the responses pending review by the Court.[1] It is this order which is at issue here.

1. The November 4, 2005 order stated the following:

*CASE MANAGEMENT ORDER 2*

A party may seek a protective order under Rule 26(c) "for good cause shown . . . on matters relating to a deposition . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In this circuit, the issuance of protective orders sealing materials provided by parties during discovery is governed by the Third Circuit's decision in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). Under *Pansy*, the factors to consider before issuing a protective order include:

(1) whether disclosure will violate any privacy interests;

(2) whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) whether disclosure of the information will cause a party embarrassment;

(4) whether confidentiality is being sought over information important to public health and safety;

(5) whether the sharing of information among litigants will promote fairness and efficiency;

(6) whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) whether the case involves issues important to the public.

*Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir.2005) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995) (citing *Pansy*, 23 F.3d at 787–91)). Further,

**AND NOW**, this **4th** day of **November 2005**, it is hereby **ORDERED** that parties seeking to compel discovery shall file those requests as follows:

1. Each party shall file any request to compel by **November 21, 2005**;

2. Each request shall appear on a separate page, numbered consecutively;

3. Each request shall quote the specific question and answer given at the deposition, without argument of counsel;

4. Each question and answer shall be followed by a pinpoint citation to the deposition transcript, together with the legal authority supporting the request and a brief explanation;

5. The responding party shall file a response to each request by **December 6, 2005**;

6. Each response shall include whether the party objects in full, objects in part or does not object to the request, and any objection shall be supported by legal authority and a brief explanation;

7. Each response shall be on a separate page, numbered to correspond with the request to which it pertains;

8. The parties requesting discovery may file a memorandum of law addressing overarching issues, i.e. attorney-client privilege, *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa.1993), and *Applied Telematics, Inc. v. Sprint Corp.*, No. 94–4603, 1995 WL 79237, 1995 U.S. Dist. Lexis 2191 (E.D.Pa. Feb. 22, 1995), type of objections, as well as a summary of the arguments in the requests to compel; and

9. Any party opposing the lifting of the seal shall show cause why the seal should not be lifted by filing a memorandum of law by **December 21, 2005**. Any party supporting the lifting of the seal shall file a memorandum of law by **January 9, 2006**.

**IT IS FURTHER ORDERED** that all requests for discovery, responses and legal memoranda filed pursuant to this order shall be filed **UNDER SEAL**.

In addition, the order contained the following footnote:

The parties in this case have taken the depositions of plaintiff and defendant. By agreement of the parties, and as is customary in civil litigation, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), the depositions were taken in private. Certain issues have arisen, inter alia, concerning the permissible scope of inquiry, the role of counsel at deposition and the extent to which a witness may rely upon prior statements in answering questions. The issues have been brought to the Court's attention by way of letters from counsel to the Court. The Court has reviewed the transcripts of the depositions and conferred with the parties.

The Court has previously recognized the common law right of access to judicial proceedings in a civil case. *See Constand v. Cosby*, 229 F.R.D. 472, 478 (E.D.Pa.2005) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir.1984)). Concomitantly, the Court has also recognized that the public's right of access is not absolute, *id.* at 479 (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)), and may be limited or conditioned upon a showing of good cause. *Id.* at 479 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995)). The burden is on the party seeking to limit discovery. *See id.* (citing *Glenmede Trust Co.*, 56 F.3d at 483).

It is in the context of a discovery dispute that Court again is called upon to balance the private and public interests implicated in this case. The purpose of this protocol is to develop a record upon which the Court may calibrate the scales upon which the proper balancing of private and public interests may take place. *See id.* (citing *Glenmede Trust Co.*, 56 F.3d at 483).

the Third Circuit counseled that "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy,* 23 F.3d at 788. "Courts have discretion to fashion such orders according to the needs and circumstances of each case." *Id.* Ultimately, it is the Court's duty to balance the public and private interests implicated in the case.

The Court's November 4, 2005 interim order was properly entered for the following reasons:

1. The discovery disputes before the Court involved complex legal issues, including the attorney client privilege and the scope of discovery in a case involving Rule 415 deponents. The factual issues involve allegations of drug use and sexual assault, and require discussion of personal information about non-parties. A reasonable time is required for the Court to adjudicate these issues.

2. The scope of the interim order is narrowly tailored. It applies only to the pending motions to compel and the responses, and nothing else.

3. The duration of the interim order is limited. During the telephone conference, the Court explained that there would be time limitations within which to file motions and responses, comprising roughly a 90–day cycle. *See* Nov. 4, 2005 Tr. at 5–7, 13. After the Court rules on the motions to compel and unless the protection of the seal is extended, the seal will lapse.

4. The rationale of the interim order was stated on the record:

The difficulty here is the following. That the courts have recognized that confidentiality can be attached to discovery be-

cause, among other reasons, the Court is not directly involved. That parties privately can make those arrangements. If the motion to compel becomes a vehicle to disclose the discovery, then the entire point of any agreement that the parties have or any desire that the courts have endorsed in the past for discovery, as opposed to court proceedings, to remain confidential, [ ] would be pointless.

*Id.* at 6. At the telephone conference, the Court recognized the presumption of access and the need to develop an appropriate record on which to balance the interests of "the parties involved, third parties, and the interest of the public." *Id.* at 10. The Court also recognized that the party seeking to retain confidentiality as to certain issues or subjects would have to show cause why the seal should not be lifted. *Id.* "The presumption is not a presumption that it will be confidential, but there may be reasons why, in whole or in part, some aspects may be confidential." *Id.*

■ The interim sealing order of this Court is consistent with the Third Circuit's balancing test set forth in *Pansy.* In fact, the *Pansy* court actually suggested a similar process where, under certain circumstances, a conditional order may be appropriate to allow the Court time to engage in the *Pansy* balancing of factors.[2] *Pansy,* 23 F.3d at 791. Failure to provide a procedure for the filings of the motions to compel and responses under seal would prevent the Court from later protecting the information from disclosure should the Court find that the information contained in the filings warranted Rule 26(c) protection. *Publicker Industries, Inc. v. Cohen,* 733 F.2d 1059, 1071–72 (3d Cir.1984) (approving of district court's rationale that failure to address the issue of confidentiality in private could disclose potentially sensitive information without judicial determination).

---

2. Specific to the facts of *Pansy* was the applicability of the Pennsylvania Right to Know Act. The information the Newspapers sought was likely available under the state freedom of information law but for the district court's confidentiality order. The applicability of a freedom of information law is another factor to consider as part of the balancing analysis, therefore the court counseled that "[t]o avoid complicated inquiries

as to whether certain information would in fact be available under a freedom of information law, courts may choose to grant conditional orders." *Id.* at 791. By way of example, the court opined that a protective order could be limited in scope or become inoperative upon a later determination in accordance with a freedom of information law. *Id.*

The Third Circuit's recent decision in *Shingara v. Skiles,* 420 F.3d 301 (3d Cir. 2005), is not to the contrary. There, the court vacated a protective order because it was too broad and did not attempt to balance the factors for issuing a sealing order set forth in *Pansy.* The plaintiff was suing the Pennsylvania State Police for retaliation after plaintiff revealed that the police were using faulty radar speed detectors. The district court sealed all information relating to the case after plaintiff's counsel gave some documents to the newspaper, which then published an article based on those documents. There was no agreement between the parties that the information would be kept confidential. The Court of Appeals unsealed the documents, emphasizing the public interest at stake in the case and reaffirming the *Pansy* factors, which require the district court to balance the public interest with the need for the protective order. *Id.* 306–08.

*Shingara* is distinguishable. As a threshold matter, *Shingara* emphasized that the issues in that case involved a matter of public concern and the defendant was a public official. Neither is present in this case. More importantly, the *Shingara* order was an umbrella order (referring to "all documents") and of indefinite duration. *Id.* at 304, 308. By contrast, here the interim order is narrowly tailored to the motions to compel testimony in two depositions and will lapse upon adjudication of the motions to compel presently under the Court's consideration unless the protection of the seal is extended. Finally, the *Shingara* order governed documents in final form and this case involves notes of testimony from as yet to be completed depositions. *Shingara,* therefore, does not compel a different result.

The AP's motion to intervene will be denied without prejudice. The Court has yet to determine whether a protective order is warranted to cloak any discovery in this case under Rule 26(c). Thus far, the Court simply has created a procedure to develop a record upon which to engage in the *Pansy* required calculus. Once the depositions are concluded, the Court will determine if the notes of testimony and motions and responses containing portions of that testimony shall be subject to a sealing order. Unless a sealing order is entered at that point, the seal will lapse. In the event that the Court grants a protective order supported by specific findings sealing any materials, any interested party will have an opportunity to request to intervene and challenge the ruling granting the protective order at that time.[3]

An appropriate order follows.

### *ORDER*

**AND NOW,** this **13th** day of **January 2006,** it is hereby **ORDERED** that the Asso-

---

3. The AP argues that they should have been afforded notice and an opportunity to be heard before the November 4, 2005 interim sealing order. However, the authority the AP cites in support of that argument does not relate to the issuance of a protective order under Rule 26(c), but rather relates to ongoing court proceedings. *See, e.g., Press–Enter. v. Superior Court,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (public right of access to voir dire proceedings); *Globe Newspaper v. Superior Court,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) (public right of access to criminal trials); *United States v. Antar,* 38 F.3d 1348 (3d Cir.1994) (sealing of voir dire transcripts in criminal case was improper where voir dire proceedings were open and court failed to make findings in support of seal at time of entry); *United States v. Raffoul,* 826 F.2d 218 (3d Cir.1987) (closure motions for pretrial hearings in criminal case must be docketed or renewed in open court to afford interested parties notice and an opportunity to be heard); *Publicker,* 733 F.2d 1059 (right of access to civil proceedings).

The day after the Court held a hearing on the AP's motion to intervene, the Second Circuit released its opinion in *Lugosch v. Pyramid Company of Onondaga,* No. 05–3620, 2006 WL 45865, 2006 U.S.App. LEXIS 525 (2d Cir. Jan. 10, 2006). There the court held "documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Id.* at *14, 2006 U.S.App. LEXIS 525 at *42. *Lugosch* does not appear to add to the Court's analysis in this case for two reasons. One, *Lugosch* involves ongoing court proceedings in the form of a motion for summary judgment and not discovery materials. Two, in *Lugosch,* the court delayed ruling on the motion for several months, while in the instant case Court response has been prompt (the AP's motion was filed on November 23, 2005; on December 1, 2005, the Court ordered the parties to respond by December 19, 2005 and set a hearing on the motion for January 9, 2005; the Court's decision follows four days after the hearing).

ciated Press's Motion to Intervene (doc. no. 51) is **DENIED WITHOUT PREJUDICE.**

**AND IT IS SO ORDERED.**